Martin, et al. v. Smylee.

JOHN L. MARTIN AND THOMAS H. MARTIN, Appellants, *vs.* SAMUEL SMYLEE, Respondent.

1. *Practice, civil—Instructions refused—Others given in lieu of.*—The refusal to give instructions is not error when others are given in lieu thereof which fairly present the law of the case.

2. *Promissory note, execution of—Signature obtained by misrepresentations—Effect of.*—In suit upon a promissory note, where the evidence showed that without any carelessness or negligence on the part of defendant he was induced upon the fraudulent representations of the payee to sign the note, supposing it to be a contract of agency for the sale of certain plows, *held*, that no action will lie even on behalf of an innocent holder before maturity for value. (Briggs vs. Ewart, 51 Mo., 245, affirmed.)

## *Appeal from Ray County.*

*J. W. & J. E. Black,* for Appellants.

I. Fraud in the execution of a note, negotiable in its character, does not affect its validity in the hands of a *bona fide* purchaser before maturity for value, in the usual course of trade. (Kent. Com. 9 Ed., Vol. 3, §§ 79, 80; Story Prom. Notes, 4 Ed., p. 193 n. 2; Farmers' Bank vs. Garten, 34 Mo., 119; Mattoon vs. McDaniel, 34 Mo., 138; Tumilty vs. Bank of Mo., 13 Mo., 275.) Appellants had no knowledge of any fraud in the original execution of the note, nor were there any circumstances surrounding its purchase that would excite the suspicion of a prudent man. (Sto. Bills, § 416, Edw. Bills, 506; 2 Pars. Bills, 277, 278, 279; Sto. Prom. Notes, [Ed., 1868,] § 382; Swift vs. Tyson, 16 Pet., 1; Goodman vs. Simonds, 20 How., 343; Bank vs. Neal, 22 How., 96; Murray vs. Laraner, 2 Wall., 110; Brush vs. Scribner, 11 Conn., 388; Redf. Lead. Cas., Notes & Bills, 257; Phelan vs. Moss, 67 Penn. St., 59; Magee vs. Badger, 34 N. Y., 247; Bank vs. Hoge, 35 N. Y., 65.)

*Banister, Shotwell, and Esteb & C. F. Garner,* for Respondent, relied on Briggs vs. Ewart, 51 Mo., 245; and authorities cited; also Washington Savings Bank vs. Ecky, 51 Mo., 272; Hamilton vs. Marks, 52 Mo., 78, and authorities cited.

37—VOL. LV.

WAGNER, Judge, delivered the opinion of the court.

This case is identical in principle with the case of Briggs vs. Ewart, (51 Mo., 245,) and must be controlled and governed by it. The present case was an action commenced on a negotiable promissory note made by the defendant and assigned to the plaintiffs before maturity. The defense was, that it was never signed by the defendant as a note; that one England came to the defendant's house, and wanted him to take the agency for the sale of a patent gang plow; that he consented and was told that it was necessary for him to sign a contract of agency, which all agents were required to sign; that England then produced some papers and filled up the blanks, and, showed the defendant where to sign the same. All of the papers looked alike, were of the ordinary size of foolscap, and none of them had the appearance of promissory notes. England left one of the papers and took the others with him. It appears that the papers were signed solely and exclusively on the representation that they were mere contracts of agency, without any knowledge whatever on the part of defendant that there were notes among them, and that defendant never would have signed them had he known that they were notes. These allegations were denied in the replication, and on the trial there was evidence introduced, going to prove the issues tendered on each side respectively. The jury found a verdict for the defendant and the plaintiffs appealed. The jury who were the proper judges of the weight of testimony, must have found that the note was obtained and the signature procured in the manner stated by the defendant, and if no error was committed in giving declarations of law, the judgment cannot be disturbed.

The court refused certain instructions asked for by the plaintiff, but that will make no difference, providing others were given in lieu thereof, which fairly stated the law. In the first instruction given by the court of its own motion, the jury are told, that if they believe from the evidence that defendant executed the note sued on, as his note, with a knowledge of its contents, and that the same was transferred

to plaintiffs for value and before maturity, and without notice to plaintiffs of the fraud alleged in procuring its execution, they should find for the plaintiffs. The second instruction declares the law to be, that if the jury find from the evidence, that defendant was induced to execute the note sued on by the false representations of England, payee in the note, or by any other fraudulent means, but further find that he executed the same as his note, knowing all its contents, and that said note, was transferred through several indorsers to plaintiffs before it became due, in the usual course of business, and for a valuable consideration, and without knowledge of said fraud, then they should find for the plaintiffs. The fourth instruction, which is the only one of the series remaining and necessary to be noticed, says that if the jury find from the evidence, that the defendant did not execute the note sued on as a note, but as a contract to sell plows, but further find that a want of knowledge of its contents upon the part of defendant was an act of inexcusable carelessness and negligence; that said note has come into the possession of the plaintiffs in the usual course of trade before the same became due, for valuable consideration, with no knowledge of fraud or other defense that surrounded its original execution, the finding should then be for the plaintiffs.

At the instance of the defendant, the court then gave a declaration, that although the jury should find from the evidence that the defendant did sign his name to the paper sued upon, yet if they should further find from the evidence, that the signature thereto of the defendant was obtained without the fault or negligence of the defendant, on the fraudulent representations of the payee; that the paper to which it was put, was a contract for the agency for the sale of plows, and that the defendant neither knew that it was a note, nor intended to sign it as a note, but supposed that it was a contract for an agency for the sale of plows, and the payee did not pay a valuable consideration therefor, then the jury should find for the defendants.

These instructions submitted the case fairly and correctly.

It is evident that under these the jury must have been satisfied, that without any carelessness or negligence on the part of the defendant, he was induced upon the fraudulent representations of England to sign the note, supposing it was a contract of agency for the sale of plows, an instrument of an entirely different character and description.

He therefore never intelligently signed the note or entered into the contract. The case of Briggs vs. Ewart, *supra*, is precisely in point, and it is unnecessary to repeat the arguments, or cite the authorities, therein contained.

Let the judgment be affirmed. Judges Vories and Adams concur, Judges Napton and Sherwood, who are in favor of overruling the case of Briggs vs. Ewart, dissent.