Corby, Ex'rx, &c., v. Weddle.

AMANDA CORBY, Ex'RX, &c., Plaintiff in Error vs. JOEL WEDDLE, Defendant in Error.

1. *Evidence—Promissory note—Handwriting proved by comparison, etc.*—In suit on a note where defendant denies its execution under oath, his signature to the note may be proved by testimony of experts on comparison of that signature with his name as attached to the answer, the genuineness of the latter being first established.

2. *Practice, civil—Pleading—Evidence—Note—Denial of execution—Fraud may be shown.*—Under a plea denying the execution of a note, defendant may prove that his signature was procured by fraud.

Generally where an instrument is void *ab initio* and not merely voidable, the plea of *non est factum* is proper. And evidence which shows the paper to be void is admissible under that plea.

3. *Note—Signature obtained by fraud—Party not liable to innocent holder for value.*—Where one was induced to sign a note under false representations that the paper was a contract for the agency for certain hay forks, *Held*, that no action would lie against him on the note, even in the hands of an innocent holder, for value before maturity. (Martin vs. Smylee, 55 Mo., 377 ; Briggs vs. Ewart, 51 Mo., 245 affirmed.)

### Error to Buchanan Circuit Court.

*B. R. Vineyard,* for Plaintiff in Error.

I. Plaintiff's first instruction ought to have been given, and defendant's second instruction ought to have been refused. (McDonald vs. Muscatine Nat. Bk., 27 Iowa, 319 ; Douglas vs. Matting, 29 Iowa, 498 ; Taylor vs. Atchinson, 54 Ill., 196 ; Putnam vs. Sullivan, 4 Mass., 45 ; Comm. vs. Sankey, 22 Penn. St., 390 ; Phelan vs. Moss, 67 Penn. St., 59 ; Chapman vs. Rose, 9 Alb. Law Jour., 339.) In the case at bar, unlike that of Ewart vs. Briggs, there is no finding by the jury that defendant was free from negligence.

*Chandler & Sherman,* for Defendant in Error, relied on Briggs vs. Ewart, 51 Mo., 250.

VORIES, Judge, delivered the opinion of the court.

This action was brought in the DeKalb Circuit Court and afterwards brought to the Buchanan Circuit Court by change of venue.

The action was brought to recover the amount of a promissory note charged to have been executed by the defendant to one S. M. Glasgow or order, for the payment of the sum of three hundred dollars, dated the first day of December, 1868, and payable one year after date.

It is charged in the petition that the note was on the 10th day of December, 1868, for value, assigned and transferred to plaintiff's testator by the payee thereof; and that at the maturing of the note, payment was demanded and refused, etc.

The defendant by his answer, fully denies the execution of the note, or that he ever thereby by himself or any one authorized by him to do so, promised to pay said Glasgow the sum of money therein stated; and denies all other allegations in the petition in reference to the execution or transfer to plaintiff's testator of the note. This answer was verified by the affidavit of the defendant.

The case was tried by the court without the intervention of a jury.

At the trial one Thomas Culligan was introduced as a witness on the part of the plaintiff, and testified that during the whole of the year 1869, he was the agent of John Corby, who has since died, and who was then doing a banking business in the city of St. Joseph; that in the month of April, 1869, one A. M. Glasgow came into the office and offered to sell the note sued on; that witness examined the note and found that the signature attached thereto was that of the defendant, whose handwriting witness was acquainted with; that the note was a printed note with the blanks for the amount, the date and the time when due, filled up in writing; that witness, after examining the note as the agent of Mr. Corby, purchased the same of Glasgow and paid a valuable consideration therefor; that at the time of the purchase of the note witness knew nothing of any defect in the note or its consideration, but believed that it was regular and right; that Glasgow was a stranger to witness, and he only knew his name to be Glasgow from the fact that he said that was his name; that in the month of May after the purchase of the note, defend-

ant with another man came into the office of witness, and while they were there, witness told defendant that he had a note against him.· Defendant replied that he reckoned not. Witness told him that he had and produced the note and showed it to defendant, at his request. Defendant examined it and said he thought it was his signature, but that he had received no consideration for the same. He said something about its being for a patent hay fork which he never got. The witness further stated that he was not acquainted with the man who came into the office with defendant, but that he was in the office during the conversation above referred to ; that witness was well acquainted with the handwriting of defendant and that the signature to the note was in his handwriting.

The plaintiff then introduced witnesses who were experts, and offered to prove by each of them, that the handwriting of the defendant in his signature to his sworn answer in this case, was the same as that signed to the note sued on. The defendant objected to this evidence or to the introduction of such evidence. The objection was sustained and the evidence. excluded, and the plaintiff excepted.

The plaintiff then offered and read in evidence the note sued on, without objection, which reads as follows :

"DeKalb County, Mo., Dec. 1st, 1868.

"One year after date, I promise to pay to the order of S. M. Glasgow three hundred dollars, for value received, without defalcation or discount, with interest."

Signed       "Joel Weddle."

This note purports, by indorsement on the back thereof, to be assigned by Glasgow to. John Corby for value.

The foregoing being all of the evidence given or offered on the part of the plaintiff, the defendant on his part, by his attorney, offered and read in evidence the depositions of himself, one N. B. Mayburgh and John W. Fowler ; which depositions tended to prove the following state of facts :

The defendant testifies that the note sued on was first shown to him by witness Culligan at his office in St. Joseph ; that that was the first time he ever saw the note ; that he and

Mayburgh went to Culligan's office together, he went to intro-duce Mayburgh; that while there Culligan told him that he had a note against him; that he told Culligan that he reckoned not, as he had not given any note to anybody and had no note out in the world that he knew of; that he asked to see the note, which was shown to him, and that after seeing the note and hearing it read, he told Culligan that he had never given any such note in his life; that he knew nothing about Glasgow, except that a man calling himself Glasgow some months before that time had come to his house and pretended to be an agent for a patent hay fork, and wanted to make him agent to sell the forks in DeKalb County; that he agreed to become an agent, if he would send the forks as he offered to do; that he signed a paper to make him an agent to sell the forks; that Glasgow told him that the papers he signed were agent papers, to give him power to sell the forks; that he signed no other papers than the agent papers; that he did not, at that time or at any time, give Glasgow or any one else the note sued on or any other note; that he never saw Glasgow before or since the time spoken of and had never received one cent of money or property for the consideration of the pretended note; that he signed no paper and intended at the time to sign no paper except such as would constitute him an agent to sell forks, which were to be sold at $16 each, half of which he was to have for his agency; that he received no forks and sold none.

Defendant stated on cross-examination, that he could read some writing but was a poor scribe; could read print and writing a little; that one Fowler was present at his house during the whole of the conversations and transactions spoken of with Glasgow; that he made no contract to purchase forks or to purchase the patent right for any territory, and did not promise to pay him any thing for either the forks or any thing else. He was to receive the forks free and sell only as agent. He could not tell the size of the papers signed. The two papers signed were printed in part and left with Fowler. Did not know whether Glasgow took any paper signed by him or

not. Defendant also in his testimony denied that he had told Culligan that the signature to the note was his, but said that the name looked like his handwriting, but that he had never intended to sign a note.

The evidence of Mayburgh substantially corroborates the evidence of the defendant as to what took place in Culligan's office at the time of the conversation had there.

Witness Fowler testified that he was present at the time when the agreement was made with Glasgow, testified to by Weddle; that he lived in the same house with defendant; that at the time spoken of, Glasgow, or a man calling himself by that name, with another man called at the house of Weddle. They wanted to make Weddle an agent to sell hay forks. Mr. Weddle said it did not suit him, but told them to make witness an agent as he was a cripple; that they refused to do this, and Weddle finally agreed to take the agency. One of the men then commenced writing the papers while the other continued talking to Weddle. After the papers were ready they were signed by Weddle; witness took the papers and read them through; there were four papers; two were kept by the witness, and two were taken away by the men; there were two papers of each kind; two deeds giving the right to sell in DeKalb County. There was no note either kept by witness or taken away by the others; there was no talk of a note nor was there any talk of selling any territory to Weddle, except as an agent. The papers left with me were afterwards left with Mr. Turney, a lawyer, and are not now in my possession. The papers were signed in presence of witness. Two of them were deeds of assignment, giving Weddle the right to sell, and two were contracts requiring him to pay eight dollars for the forks at the depot. The consideration named in the deed, giving the right to sell in DeKalb County, was $300. The right to sell as agent was expressed in the deed. No note was executed or spoken of to witness' knowledge. The men left as soon as they had got the papers signed.

The plaintiff, at the time of the introduction of each of these depositions on the part of the defendant, objected to the reading of the same in evidence, on the ground that the evidence was irrelevant and did not tend to prove the issues in the case. These objections were overruled and the plaintiff at the time excepted.

The foregoing being substantially all of the evidence offered or given on either side, the plaintiff requested the court to declare the law to be "That if the court believe from the evidence, that the defendant, on or about the first day of December, 1868, signed the note sued on, and delivered the same to one S. M. Glasgow, and the said Glasgow, before the maturity of said note, sold and delivered the same to John Corby, plaintiff's testator; and if it further believes that the said John Corby purchased said note in good faith, without notice of any irregularity in the execution of said note, in due course of business, for a valuable consideration, then the court will find for plaintiff the amount of principal and interest due on said note."

The court refused to declare the law as so asked for by the plaintiff and the plaintiff excepted.

The court then, at the request of the defendant, declared the law to be as follows: "That though the court may believe from the evidence in this case, that the signature to the alleged note, offered in evidence by plaintiff is the signature of the defendant; yet, if the court further believes from the evidence, that said signature was procured by Glasgow, the payee in said alleged note, under false pretenses on his, Glasgow's part, that defendant was only making with said Glasgow a contract to become the agent of said Glasgow to sell a certain hay fork, and that defendant, at the time of affixing his signature to the alleged note offered in evidence, had no purpose or thought of making or executing a note, but, on the contrary, thought he was signing a contract of agency only, then the alleged note offered in evidence, was and is void, and the judgment should be for the defendant."

"If the court believe from the evidence, that the alleged note offered in evidence by plaintiff, was without consideration, and that the defendant did not execute it to Glasgow, as and for a promise to pay money or property, but signed his name to a contract, supposed and intended by defendant to be only a contract to become agent for one Glasgow, and that afterwards, or at any time, an obligation to pay money was written above and over the signature of the defendant, without authority of the defendant, and that the facts in this declaration mentioned, apply to the alleged note offered in evidence, the said alleged note was and is void, and the court should find for the defendant."

These declarations of law were objected to by the plaintiff but her objections were overruled and she excepted.

There were other instructions given by the court for the different parties; but those copied are all that are necessary to raise the only points made or argued in the case.

The court found for the defendant and rendered final judgment in his favor; after which plaintiff filed a motion for a new trial which was overruled and the case has been brought to this court by writ of error.

There are two grounds of objection to the rulings of the court below, made and argued in this court. First, it is insisted by the plaintiff that the Circuit Court erred in excluding the evidence offered on the trial to prove the signature to the note to be in the handwriting of the defendant, by a comparison of said signature with the name of the defendant as subscribed to his answer on file.

Secondly. It is insisted that the declarations of law given in favor of the defendants are erroneous; and consequently, that the first declaration of law asked for by the plaintiff was the correct law on the subject, and was improperly refused by the court.

To the first objection made by the plaintiff, it may be said; that if it had been shown by the evidence that the defendant's name to his answer in the case was in his own handwriting, then the evidence offered by the plaintiff, to prove

by experts that the defendant's name was in the same handwriting would have been admissible under the issue in this case, and the exclusion of said evidence by the court would ordinarily be erroneous (State vs. Scott, 45 Mo., 302). But this case was decided by the court and judgment rendered against the plaintiff, on the presumption that the name of the defendant was in his own handwriting. The declarations of law, given by the court, upon which the case was evidently decided, assumed that the signature to the note was the signature of the defendant. That being the case, it was wholly immaterial to the plaintiff's case, whether the evidence refused was admitted or excluded, the note having been read in evidence upon the proof given, without objection.

It is also contended by the plaintiff, that the defense of the defendant, as shown by the evidence, was improperly admitted under the pleadings; that the answer only denied the execution of the note, and that evidence to show that his name had been procured to the note, without his consent, by fraudulent practices, could not properly be admitted under such an answer; that in order to admit such evidence, the defendant should have admitted the execution of the note and set up the fraud in avoidance of a recovery thereon. This position I think is untenable. The general rule is; that when a deed is void *ab initio*, and not merely voidable, the plea of *non est factum* is proper; and the facts showing the instrument to be void, may be given in evidence to sustain such plea. (Bottomley vs. The United States, 1 Story, 135; 3 Phillips on Evidence, top page 389.)

It is next contended that the first declaration of law given for defendant, hereinbefore copied, improperly states the law of the case; that said declaration of law, assuming as it does, that the defendant's name to the note was in his own handwriting, the jury ought to have been told that the facts shown in the evidence constituted no defense to the note in the hands of an innocent purchaser, without notice of the fraud, for value. In answer to this position it is only necessary to say, that it is impossible to distinguish this case from that

of Briggs vs. Ewart, 51 Mo., 245 ; and the subsequent case of Martin vs. Smylee, decided by this court at the February Term, (55 Mo., 577).

The reasoning of the court in these cases fully sustains the declarations of law referred to. The authorities on the subject were fully referred to and commented on in the case of Briggs vs. Ewart ; and the case of Martin vs. Smylee fully affirms the doctrine of the former case ; and it would be useless to repeat the argument used in those cases.

While it is admitted that respectable authorities may be found which conflict with those decisions, yet our opinion is not shaken in reference to the correctness of the decisions made in those cases, and they will be adhered to in this case.

The last declaration of law made by the court, it is contended, is a mere abstraction, having no evidence to support it. It is certainly true, that the evidence is very slight, if there be any evidence tending to sustain the theory of that instruction ; but as the first instruction fully covered all of the facts of the case and was evidently the one on which the decision of the case turned, and as there was no jury in the case to be misled by any mere abstraction, it cannot be seen how said instruction or declaration of law could possibly have injured the plaintiff.

We see no error in the record of the case, which would justify this court in interfering with the judgment rendered by the court below. The judgment will therefore be affirmed. Judge Sherwood absent. The other judges concur.