TURNER et al. v. DIXON, Appellant.

Division Two, June 6, 1899.

1. **Ejectment**: GRAVEYARD: DESCRIPTION IN PARTITION DECREE. This is ejectment for a half acre of ground in the *northwest* quarter of the section, being the family graveyard of John L. McCracken. In a former partition suit of his lands, to which these plaintiffs were parties, the decree ordered all the lands sold "except one-half acre of the *southwest* quarter" of the section "so laid out as to include the family graveyard of said John L. McCracken, deceased." There was no other graveyard on any of the land partitioned, and this had existed since 1855. *Held*, that the purchaser of the northwest quarter at the partition sale, and those claiming through him, are presumed to have had knowledge of the fact that the land in question was not included in the judgment in partition.

2. ———: ———: ———: EXCLUDING PART OF DESCRIPTION. As there would not be any difficulty in locating the graveyard if only the words "except one-half acre so laid out as to include the family graveyard of said John L. McCracken, deceased," had been used in the decree, it is proper to exclude so much of the description as describes the graveyard by section numbers.

3. ———: ———: ———: EXPLAINED BY PAROL EVIDENCE. As the question was which of two descriptions shall prevail, parol evidence was admissible for the purpose of showing where in fact the graveyard was located.

4. ———: GRAVEYARD: SUFFICIENCY OF DESCRIPTION IN PETITION. In a suit in ejectment for a graveyard, described as one-half acre, there can be no difficulty in ascertaining by measurement the exact ground included in the graveyard, and hence a petition that does not allege that the half acre is in the form of a square, nor states its length or its breadth or its location in the quarter section, is not defective.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

LINCOLN & LYDY for appellant.

(1) The legal title to this one-half acre passed to the purchaser at the partition sale. Plaintiffs show no legal title

Turner v. Dixon.

in them and can not maintain ejectment even if they had an equitable title. Ford v. French, 72 Mo. 250; Norfleet v. Russell, 64 Mo. 170; Dunlap v. Henry, 76 Mo. 106; Hunt v. Selleck, 118 Mo. 558. (2) Defendant's objection to the introduction of any evidence should have been sustained. The petition does not contain a sufficient description of any land. Western v. Flanagan, 120 Mo. 61. It is not alleged that the half acre is in form of a square, nor is its length or breadth or location in the quarter section stated. The description is too vague, indefinite and uncertain. Livingston Co. v. Morris, 71 Mo. 603. (3) The evidence offered contradicting the decree in partition, and showing the location of the burial ground as being in the northwest quarter and not in the southwest quarter of the section was inadmissible. The description in the decree is certain and intelligible, and if there was any mistake in it, a court of equity might correct it. It is not permissible to inject a new description. King v. Fink, 51 Mo. 209; Ford v. Unity Church, 120 Mo. 507. (4) And this evidence was certainly inadmissible as against defendant, who was a purchaser for value without notice of such mistake and without notice of the existence of this burial ground. It was error to refuse defendant's instruction as to the question of notice, and the instruction given by the court of his own motion is erroneous in ignoring the question of notice. Martin v. Nixon, 92 Mo. 26; Hope v. Blair, 105 Mo. 85, 94; Seiberling v. Tipton, 113 Mo. 373. (5) If the Dixons had notice of the existence of this alleged burial ground, the evidence shows their grantors, Ish, Regan and Wightman were each without such notice and this would give a good title to the defendant. It was error to refuse the instruction which presents this question to the jury. Campbell v. Gas Co., 84 Mo. 352; Funkhouser v. Lay, 78 Mo. 458. (6) The evidence shows that no specific one-half acre, alleged to be a burial ground, has ever been legally dedicated as such. Instruction numbered 4 should have been given. Even this supposed burial ground has been

practically abandoned.    Campbell v. Kansas City, 102 Mo.
326.

C. W. HAMLIN for respondents.

(1)    The petition in the case at bar describes the land
in controversy "as one-half acre out of the northeast quarter
of the northwest quarter, section 8, township 29, range 21;
the same being the family graveyard of John L. McCracken."
There was no other burial ground or graveyard on the
northeast quarter of the northwest quarter, section 8, town-
ship 29, range 21, or in the whole surrounding country,
known as the "John L. McCracken graveyard."    A descrip-
tion sufficient to identify the property in controversy, is all
that is required.    Webster v. Blount, 39 Mo. 500; McPike v.
Allman, 53 Mo. 551; Hammond v. Johnston, 93 Mo. 217.
(2)    In this case the decree in partition shows that the
"John L. McCracken graveyard" was reserved and excepted
from the decree of sale and partition, and was reserved at said
sale, and the evidence abundantly shows that the graveyard
has been located at the place where it is now, at least since
1855 and all of the old citizens knew its location well and
there is no other graveyard in all this section of country
known as the "McCracken graveyard."    Distances and de-
scription by numbers, metes and bounds will yield to monu-
ment.    Smith v. Catlin Land Co., 117 Mo. 436.    (3)    The
John L. McCracken graveyard was never sold at partition sale
and Mrs. Stahl did not get a title to it, nor could anyone
except by limitation, and that question was submitted to the
jury on proper instructions and their finding being adverse to
respondent, the court will not disturb it.    (4)    This court can
not consider the sufficiency of the petition in this case inas-
much as it is not set out in full in appellant's abstract.    Gar-
rett v. Kansas City Coal Min. Co., 111 Mo. 279; Brown v.
Pope, 28 Mo. App. 379.    (5)    The appellant can not have

the action of the trial court, in giving and refusing instruction, reviewed here, since he has not set out the evidence in full, upon which the court's action was based. Ewart v. Tootle, 50 Mo. App. 322; Garrett v. Kansas City Coal Min. Co., 111 Mo. 279; Johnson v. Carrington, 120 Mo. 315; Aultman Taylor Co. v. Smith, 52 Mo. App. 351; Lindsey v. Dixon, 52 Mo. App. 291. A general objection to the giving or refusing instructions will be disregarded. McKensie v. Railroad, 24 Mo. App. 396.

BURGESS, J.—Ejectment for the possession of one-half acre of ground out of the northeast quarter of the northwest quarter of section eight, township twenty-nine of range twenty-one, being the family graveyard of one John L. McCracken in Greene county. The petition is in the usual form and the answer a general denial. The ouster is laid August 22, 1896. The case was tried by the court and jury. The trial resulted in a verdict and judgment for plaintiffs for possession of the ground. After unsuccessful motion for a new trial defendant appeals.

. John L. McCracken deceased is the common source of title. Plaintiffs claim title as his heirs; the defendant, through mesne conveyances from the purchaser of the ground of which that in question is a part at a partition sale of the lands of said John L. McCracken among his heirs made in pursuance of a judgment and decree of court rendered in a suit for partition to which plaintiffs were parties. The east half of the northwest quarter of said section eight was embraced in the judgment and decree in that suit and was ordered sold, except "one-half acre of the east half of southwest quarter of section eight, township twenty-nine, range twenty-one, so laid out as to include the family graveyard of said John L. McCracken, deceased." At the partition sale Mary T. Stahl became the purchaser of the east half of the northwest quarter of said section eight and received a sheriff's deed therefor dated November 15, 1880. Defendant claims title under Mary T.

Stahl derived from her through J. C. B. Ish, Samuel H. Regan, John Wightman and William Dixon, but none of the grantees through whom he claims title were innocent purchasers, nor was he, as the graveyard which embraced the land in question had been known and used as such for over thirty years.    He also claimed title by adverse possession for more than ten years.

The following instructions were asked by defendant and refused:

"1.    The court declares that under the pleadings and evidence the plaintiffs can not recover.

"2.    The court declares that the decree in partition wherein James R. Turner et al. were plaintiffs and William S. Rigg et al. were defendants, read in evidence, locates the burial ground of John L. McCracken, deceased, on the southwest quarter of section eight, township twenty-nine, range twenty-one, Greene county, Missouri; and if the jury finds from the evidence that said burial ground was by mistake described as being on said land when in fact it was located on the northeast quarter of the northwest quarter of said section, then plaintiffs can not recover, unless they have shown by a preponderance of the evidence that W. H. Dixon, at the time he purchased the land in controversy, had notice of said mistake or the existence of said burial ground in said mentioned forty, and if the jury finds that W. H. Dixon had such notice, but that John Wightman, his grantor, had no notice of said mistake or the existence of said burial ground on said last described forty, then the finding must be for defendant.

"3.    The court declares that if the evidence shows that Ish, Regan, Wightman and Dixon successively have been in adverse, actual, open, continuous and uninterrupted possession of the land in controversy for ten years next before the commencement of this suit, then plaintiffs can not recover.

"4.    The court declares the evidence insufficient to establish the dedication of the ground in controversy as the private burial ground of John L. McCracken, deceased.

"5.  If the jury finds from the evidence that the plaintiffs in this action were also parties to the partition suit for the partition of the John L. McCracken lands and that the east half of northwest quarter of section eight, township twenty-nine, range twenty-one, Greene county, Missouri, was sold in said cause and a sheriff's deed in partition executed conveying said land without excepting the alleged burial ground in question, and the purchaser paid the sheriff his bid for said land, and W. H. Dixon now holds by mesne conveyance the title of such purchaser, and the court declares he does hold same, then plaintiffs can not, while holding the proceeds of the sale, recover herein.

"6.  The court instructs that if the jury believes from the evidence that the defendant or his landlord was in the actual, open, notorious and continued adverse possession of the land in controversy for at least ten years before the institution of this suit, claiming to be the owner thereof, then the verdict must be for the defendant."

The court of its own motion, and over the objection of defendant instructed the jury as follows:

"The partition proceedings and sheriff's deed read in evidence did not have the effect of passing the legal title out of the heirs of John L. McCracken, if the McCracken graveyard was known and recognized as such in the community generally.  If, therefore, you find from the evidence that it was so known and that the plaintiffs are the heirs of John L. McCracken, you will find the issue in favor of the plaintiffs for the possession of the property sued for; unless you further find from the evidence that defendant is entitled to hold the same by virtue of the statute of limitations as hereinafter defined. If the defendant and Wightman, Regan, Stahl, Ish and Shaw, any or all of them, have been in the open, notorious, continuous, exclusive and adverse possession of the land sued for, claiming to own the same under the deeds and title papers in evidence, for any period of ten years prior to the 25th day

of August, 1896, then they are entitled to hold the same now by virtue of the statute of limitations. The burden of showing such title by limitations is on the defendant, and it must be proven by a preponderance or greater weight of evidence. In determining whether the land was held exclusively and adversely by defendants, you will consider the nature of the property and any and all other facts and circumstances in evidence which in your judgment would throw light on the question."

Defendant claims that the legal title to the one-half acre of land in question passed to the purchaser at partition sale, and, as defendant or his landlord succeeded to that title, that the first instruction asked by him in the nature of a demurrer to the evidence should have been given. It is well settled that ejectment can only be maintained upon a prior possession, or a legal title existing in the party suing at the time the action is commenced. [Ford v. French, 72 Mo. 250; Dunlap v. Henry, 76 Mo. 106.] So that unless the title to the land was at the time of the commencement of this suit in plaintiffs, they were not entitled to recover, and the instruction should have been given. There is no question but that the title was in them at that time unless it passed to Mary T. Stahl by virtue of her purchase at the partition sale, and the sheriff's deed made to her in pursuance thereof. This depends upon the description of the land as reserved from partition sale by the decree of partition. By the description it is located in the wrong quarter section, and, unless the added words, "so as to include the family graveyard of said John L. McCracken, deceased" control and then make the description sufficiently definite to exclude the land from the judgment of partition and order of sale the title passed to Mary T. Stahl. But she and those claiming title under the judgment in partition must be presumed to have had knowledge of the fact that the land in question was not included in that judgment.

There was no other graveyard on any of the land partitioned, and this one had existed since 1855. Suppose we exclude or ignore altogether the words "one-half acre, out of the northwest quarter, section eight, township twenty-nine, range twenty-one" as being inconsistent with the location of the graveyard, there would be no difficulty whatever in identifying the land by the description which follows, to wit, "the family graveyard of John L. McCracken," "for still, after such rejection, enough will be left to constitute a good and valid" description. [SHERWOOD, C. J., dissenting opinion, in Lincoln v. Thompson, 75 Mo. loc. cit. 637.]

The rule is well settled in actions involving the constructions of sheriff's deeds when the description of the land is vague, that parol evidence is admissible for the purpose of showing that the land conveyed is known by a certain name, and where located. [Webster v. Blount et al., 39 Mo. 500; McPike v. Allman, 53 Mo. 551; Hammond v. Johnston, 93 Mo. 198, and authorities cited.] And if this may be done with respect to land vaguely described in a sheriff's deed we see no reason why such evidence was not admissible in this case for the purpose of showing where the graveyard was, in fact, located.

This is not a case of failure to describe the land in litigation, but the question is which one of two discriptions shall prevail, the evidence showing that the first does not embrace the land while the other does and may with the aid of verbal testimony be definitely located.

The judgment in the partition suit was in all respects in accordance with the forms of law, and plainly excluded from its provisions the graveyard in question.

There can be no difficulty in ascertaining by measurement the exact ground included in the graveyard, hence defendant's fourth instruction was properly refused.

The sixth instruction asked by defendant only presents the question of the statute of limitations, which was fully

covered by the instruction given by the court of its own motion, and it did not therefore commit error in refusing the instruction asked by defendant. [Martin v. Smylee, 55 Mo. 577; Condon v. Railroad, 78 Mo. 567; Cooper v. Johnson, 81 Mo. 483; State to use v. St. Louis Brokerage Co., 85 Mo. 411; Burdict v. Railroad, 123 Mo. 221.]

It logically follows from what has been said that the judgment in partition with respect to this one-half acre of ground was not void for uncertainty of description, and that it was not therefore embraced within the decree in that case.

We therefore affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.