Greenway v. James.

BENTON GREENWAY, Defendant in Error, *v.* MITCHELL JAMES, Plaintiff in Error.

*Practice—Pleading—Evidence.*—In an action of trespass *de bonis asportatis*, in which the petition alleges and the answer denies the ownership of the plaintiff, the defence, that the sale under which the plaintiff claims was made to defraud creditors, and was therefore void, need not be specially pleaded ; and evidence supporting such defence is relevant to the issue made.

*Practice—Judgment—Default.*—Where the plaintiff took a judgment by default, which was converted into a final judgment at the second term, and afterward, at such term, the court, upon the application of defendant, set aside the judgment and allowed him to answer, if the plaintiff do not save his exceptions to the action of the court, or if he proceed with the action and go to trial upon the issues, he will be held to have waived his rights under the former judgment.

*Error to Cole Circuit Court.*

*J. E. Belch,* for plaintiff in error.

I. Under the pleadings to entitle the plaintiff to a verdict, he must show that the property was in his possession, and that rightfully, as against the defendant James. (2 Greenl. Ev. 504, 513 ; 1st Chit. Pl., 9th Am. ed., 472 ; Steph. Plead. 179 ; 1 Watts, 180 ; 9 Mo. 256 ; 3 Duer. 684 ; 6 How., Pa., 307.)

II. There were no exceptions taken to the setting aside of the judgment by default.

*H. C. Ewing* and *J. L. Smith,* for defendant in error.

I. The court erred in setting aside the first final judgment in this cause, rendered at the February term, 1863. The kind of judgment contemplated by section 13, 2 Rev.

Code, 1855, p. 1280, is not now under consideration. The defendant was duly served with process, which he admits in his affidavit, and he does not even ask counsel and advice of a lawyer. The proper and only method of setting aside a final judgment, if the one being considered is such an one, is by petition for review, verified by affidavit, as is required in case of an original petition ; it is not done in this case. (R. C. 1855, p. 1281, § 6.)

II. The court below did right in refusing to permit defendant to introduce evidence of fraud. His answer is a simple denial of the allegations of plaintiff's petition ; he sets up no fraud. (5 How. Prac. 14, M. Murray Thomas v. Gifford.)

To have permitted the introduction of such evidence would have been in palpable violation of the first rule of evidence. (1 Greenl. Ev. § 51, 52 ; also, § 448.)

The rules of pleading require the same particularity in answers as in petitions, and it will not be contended that evidence could be introduced to support an allegation of fraud when there was no such allegation. (32 Mo. 203 ; Cramer v. Lowe, id. 447 ; White, adm'r, v. Gray, 28 Mo. 82 ; Winston v. Taylor, id. 471 ; Cowden v. Cairns et al., id. 357 ; Lynch v. Morrow's adm'r, id. 576 ; Irwin v. Chiles, R. C. 1855, p. 1253, § 3.)

DRYDEN, Judge, delivered the opinion of the court.

This was an action in the nature of trespass for taking and carrying away the plaintiff's goods ; the defendant not appearing, an interlocutory judgment was taken against him at the return term of the writ, and at the succeeding term an inquiry of damages was had and the judgment was made final ; but afterwards, during the term, on the appearance and motion of the defendant, the judgment was set aside and the defendant was permitted to answer the petition. A trial was thereupon had, resulting in a verdict and judgment for the plaintiff, and defendant has brought the case here by writ of error.

The petition alleged and the answer denied the plaintiff's ownership of the property in dispute at the time of the alleged trespass, and this was the main issue made by the pleadings. On the trial, the plaintiff having given evidence tending to prove a purchase of the property from one Walker (under whom the defendant likewise claimed by purchase at an execution sale), the defendant offered testimony to show that the sale from Walker to the plaintiff was colorable and fraudulent as against the creditors of Walker; but the testimony was rejected by the court on the ground that it was irrelevant to the issue.

It is insisted by the respondent, that the fact sought to be proved is such "new matter consisting of a defence," as ought under the practice act to have been specially pleaded in order to its admission in evidence.

Where a cause of action which once existed has been determined by some matter which subsequently transpired, such new matter must, to comply with the statute, be specially pleaded; but where the cause of action alleged never existed, the appropriate defence under the law is a denial of the material allegations of the petition; and such facts as tend to disprove the controverted allegations are pertinent to the issue. In the cause at bar, the rejected testimony, if true, disproved the respondent's ownership of the property, and thereby showed the cause of action alleged had never existed.

The respondent insists that the Circuit Court erred in setting aside the first judgment, and in permitting the plaintiff in error to answer; and asks that, in case of a reversal of the last judgment, he be restored to his rights under the first, without passing upon the question whether the court erred.

We are precluded from giving the relief asked, as well because it does not appear that the respondent saved his exceptions to the action of the court, as for the further reason, that having followed up his suit, and prosecuted it to final judgment after the commission of the errors complained

of, he must be deemed to have waived his rights under the first judgment.

The Circuit Court erred in rejecting the evidence offered by the plaintiff in error, and for this cause the judgment is reversed and the cause remanded for a new trial.

The other judges concur.