BENJAMIN FARRAR, Respondent, *v.* ABRAHAM KRAMER ET AL., Appellants.

### January 22, 1878.

1. A guarantor is released when there is any material change made in the contract, to which he does not assent.

2. Agency cannot be proved by showing the declarations of the alleged agent.

3. Premises were leased in writing, possession to be given on a day named. It was stipulated that, at the expiration of the term, the lessee should deliver up the premises in as good condition as when received, wear and tear and accidents excepted. Contemporaneously with the lease, it was agreed between the lessor and lessee that the building should be changed and remodelled by the lessor, at an expense of $1,500, possession to be given upon the completion of the improvements. *Held,* that, in the absence of proof of knowledge of this contemporaneous agreement, the guarantor on the lease was released.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

R. E. ROMBAUER, for appellants : A change of the contract by the principals, in any particular, releases the guarantor, if made without his consent. — *Whitcher* v. *Hall*, 5 Barn. & Cress. 269 ; *Taylor* v. *Johnson*, 17 Ga. 534 ; *Rowan* v. *Sharp Rifle Co.*, 33 Conn. 22 ; *Blair* v. *Insurance Co.*, 10 Mo. 566 ; *Morgan* v. *Martien*, 32 Mo. 443 ; *Ide* v. *Churchill*, 14 Ohio St. 383 ; *Miller* v. *Stewart*, 9 Wheat. 702. The burden is upon those seeking to enforce the obligation to show such assent. — *United States* v. *Hillegras*, 3 Wash. C. Ct. 75 ; *Carpenter* v. *Devon*, 6 Ala. (N. S.) 726 ; *Stowell* v. *Goodnow*, 31 Me. 540.

T. Z. BLAKEMAN, for respondent, cited : De Colyar on Guar. & Sur. 395 ; *Harrison* v. *Seymour*, 1 Law Rep. ; *Miller* v. *Stewart*, 9 Wheat. 680 ; *Davis S. M. Co.* v. *Jones*, 61 Mo. 411 ; Taylor's L. & T., secs. 15, 176.

BAKEWELL, J., delivered the opinion of the court.

This action is upon a guaranty executed by defendants, and is brought to recover seven months' rent due by one Loeb to plaintiff, from May to December, 1875, under the provisions of the lease upon which the contract of guaranty was indorsed. The cause was tried without a jury. There was a finding and judgment for plaintiff; and defendants appeal.

The lease in question is under seal, dated Feb. 10, 1874 ; the premises are a four-story brick building ; the term is six years, from April 1, 1874 ; the rent, payable monthly in advance, is $200 for the first year, $225 a year for the next four years, and $250 for the sixth and last year. The lease contains a covenant for the surrender of the premises, " at the expiration of the lease or the determination of the term," in as good condition as when received, excepting natural wear and tear and accidents, and provides that the building is to be used only as a hotel, bar, or restaurant. Contemporaneously with the execution of this lease, defend-

ants executed an instrument under seal, written on the back of the lease, whereby they gurantee the performance of all the covenants in the lease during the first two years of the term only. On the same day, and as a part of the contract of lease between Farrar and Loeb, there was executed between the lessor and lessee a separate instrument, which provides that the lessor shall complete the building mentioned in the lease, ready for occupancy, in accordance with plans, specifications, and lessor's contract with certain named builders; that one Kolling is to superintend the work and accept it when completed; that Loeb has agreed to the plans and specifications, and will accept the building whenever the superintendent receives the same from the contractors as completed; and that rent shall begin to run only from the time when the superintendent shall accept the premises and exclusive possession shall have been delivered to Loeb.

Defendants, in their answer, claim to be discharged from all obligations under their guaranty, on the ground that this separate instrument is a materal variation of the original contract, and that Loeb accepted the altered building without their knowledge or consent. The reply avers that the execution of the separate agreement and the making of the alteration was all done with the consent of the sureties, and denies that the alterations were material; and denies the allegations as to the time of their completion, and as to the time at which Loeb took possession.

At the close of plaintiff's case, an instruction in the nature of a demurrer to the evidence was overruled. It is not necessary to set out the instructions given and refused. It is apparent from these instructions that the court found either that the liabilities of Loeb under his contract were not materially changed by the second writing, or that the change was known to defendants before they executed the contract of guaranty.

That the liability of a surety depends upon the identity

of the contract; that it is *strictissimi juris*, in the sense that it cannot be extended *de re ad rem* or *de tempore ad tempus*, are principles well settled, and which are not disputed by learned counsel for respondent.

He maintains, first, that there was no material change in the contract effected by the second instrument. This, under the pleadings and evidence in the case, there being no question as to the facts, is a matter of law. The original agreement is for a building in existence, possession to be delivered on a certain day named. The amended agreement is for a building under process of remodelling, to be delivered at a future uncertain period, to be fixed by the acts of certain contractors and a superintendent. In the original lease, rent is payable from April 1; in the amended agreement, it is payable from an uncertain day, to be fixed by the date of the completion of the improvements. These changes are material. They are not only material, but they actually increase the liability of the sureties; whilst it is enough that they merely changed the contract, whether the sureties were put in a worse position or not. The evidence is that the alterations in the building cost $1,500. The term might have been determined during the first two years, and in that case the sureties, in case of a destruction of the building by the fault of the lessee, would be liable to restore, not the building spoken of in the original lease, but one improved and altered by an expenditure of several hundred dollars. The altered building, under the testimony, would have cost $1,300 more to rebuild than would the building spoken of in the original lease.

It is, however, contended that an alteration of the lessor's liability under the covenant to restore would not operate to release the sureties from their liability on the covenant to pay rent. The argument would be worth examining were the question as to a guaranty of two separate agreements contained in one instrument, as two leases of two distinct houses. There it might be contended that an alteration of

the contract as to the covenant to repair one of them did not release the surety from his liability upon the contract to pay rent for the other. But the covenants here are all dependent upon one contract, concerning one subject-matter. The question is as to the identity of this one particular contract. It is true that there is evidence tending to show that though the work on the building was not completed until some time in April, the lessee moved in and took possession on or before April 1, the time fixed in the lease itself; but we cannot regard this as important in determining the materiality of the change of contract.

It is also contended that, on a proper construction of the lease, the lessee would be bound to restore the premises in the condition in which they were on February 10, the date of the lease, and not as they might be on April 1, the date of occupancy. If this were so, as the testimony is that the changes effected in the building under the second contract involved an entire change of the second and third stories, and turning four large rooms into twelve small ones, separated by partitions of lath and plaster, and changing the stairs, the condition of the sureties was still worse than we have supposed.

That the change was material, we have no doubt. It remains to consider whether there was any evidence that the sureties knew of this change of contract when they executed the guaranty. The witness Simmons, in his direct examination, states that the defendants assented to the alteration in the contract; but in his cross-examination he says that the only way in which he knows this is from knowing that their agent knew of it; but as to the agency, he only knows that the party whom the witness regarded as the agent of defendants told him that he was so. As the agency must be established otherwise than by the declarations of the alleged agent, and as there is no other evidence of agency than this, and no evidence of knowledge of the change of the contract, unless it be the testimony of Simmons, we

think that plaintiff failed to establish any assent of the sureties to the change of contract, and that the demurrer to the evidence should have been sustained.

There is a covenant in the original lease that the premises are to be used as a hotel, restaurant, or bar. There is evidence that, when the lease was signed, the several stories were divided by one stairway and passage into two rooms on each story, extending from front to rear. It is contended that, as the building manifestly needed alteration to fit it for the purposes for which it was leased, and as the lease was silent as to who should bear the expense of these changes, or what they should be, and as defendant Kramer testified that he knew the condition of the building, and the purpose to which it was to be put, when he executed the guaranty, the inference was a fair one that defendants knew of the improvements made in the building, and assented to them. We think that no such inference can be drawn from these facts. The building might perhaps have been used for a hotel, and certainly could have been used for a bar or restaurant, without dividing it into rooms; and even if it could not, so important an agreement as this very definite one as to the improvements, should have been incorporated into the original lease, as might readily have been done before the sureties were asked to sign. The original contract is really modified by the new agreement, and the surety can answer, with truth, *Non hæc in fœdera veni*.

We are of opinion that there is no evidence to support the finding and judgment in this case, and for this reason they must be set aside and the cause remanded. It is so ordered. All the judges concur.