IRELAND *et al.*, *Appellants*, v. THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY.

1. **Railroads:** LIEN FOR MATERIALS. Where a part only of a railroad lies within this State, the lien for materials given by sections 3200 to 3216, Revised Statutes, is to be enforced against the whole of that part, and not against a section or portion of it only.

2. ——— : ——— : PLEADING. Where it appeared from a petition to enforce a lien for materials against a railroad that the company was incorporated under the laws of another state, and its name indicated that its road ran between points outside of this State, and the petition further showed that the materials were furnished for the construction of that part of said road located in Jackson county, Missouri, and the prayer was for the enforcement of the lien against that part of the road ; *Held*, that the petition was not bad on demurrer, as seeking the enforcement of a lien against a part of a road in this State ; the court would not assume that the company had any road in Missouri outside of Jackson county.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

*Peak & Yeager* for appellant.

*Gardiner Lathrop* for respondent.

MARTIN, C.—This was a suit to enforce against a railroad a claim for materials furnished to and used by the company in the construction and improvement of its road. The action was commenced December 11th, 1879, under and by virtue of sections 3200 to 3216 of the Revised Statutes relating to liens against railroads. The defendant interposed a demurrer, which was sustained on the ground that the petition failed to state a cause of action. Upon the plaintiffs' refusal to plead further, final judgment was rendered in favor of defendant, from which the plaintiffs have appealed.

The decisions of the Supreme Court construing the

statute on liens in favor of material men against railroads have been rendered since the judgment in this case.

It is intimated in the brief of appellants that the demurrer was sustained on account of the supposed impossibility of enforcing such liens against a railroad whose road-bed was not wholly within the State. This objection has been disposed of in the case of the *St. Louis Bridge & Construction Co. v. M. C. & N. W. R. R. Co.*, 72 Mo. 664, in which it was held that a lien could be adjudged and enforced against such part of the road-bed as lay within the State. It has also been decided that no lien under this law can be adjudged or enforced against only a part of the road-bed lying within the State. The lien must be adjudged against the whole of the road-bed, or against none of it, within the State. *Knapp v. St. Louis, K. C. & N. R'y Co.*, 74 Mo. 374; *Cranston v. Union Trust Co.*, 75 Mo. 29.

It is argued by counsel for respondent that the suit in this case is against only a section or portion of the road in Missouri, viz: such portion as lies within Jackson county. If the petition disclosed with certainty that the defendant had a road-bed in Missouri outside of Jackson county, this position would have to be sustained. But I do not think it can be inferred satisfactorily that the defendant is possessed of any road-bed or depots in this State outside of Jackson county. The petition alleges that the defendant is a railroad corporation duly incorporated under and by virtue of the laws of the state of Kansas. This fact taken with the name of the road as running between points outside of the State certainly affords a reasonable inference that it is possessed of a road-bed and depots outside of the State of Missouri. The plaintiffs allege that as sub-contractors under one F. D. Camman they " did furnish to the said defendant a large lot of lumber and materials to be used by the said defendant in constructing and improving the said road-bed, rolling stock, station houses, depots, bridges and culverts upon and along that part of said railroad built, constructed and located in Jackson county, State

of Missouri ;" and it is against this portion of the road that the lien is asked to be adjudged and enforced. The inference is strong from this language that the company is possessed of a road-bed and stations outside of Jackson county, but not necessarily in the State of Missouri. When taken in connection with the facts recited by us relating to the incorporation and location of the road, it naturally points to its possession outside of the State. I am satisfied that the petition is not objectionable on its face as seeking to adjudge or enforce a lien against only a section or portion of the defendant's road in this State. If such be the truth, it will have to be taken advantage of in some other manner than by demurrer to this petition. In our opinion the court erred in sustaining the demurrer. Accordingly the case is reversed and remanded for further proceedings. All concur.