ADAM HOFFMAN, ADMINISTRATOR DE BONIS NON OF W. ADAMSON, DECEASED, Respondent v. JOSEPH C. PARRY, Appellant.

Kansas City Court of Appeals, June 28, 1886.

1. STATUTE OF LIMITATIONS—PURPOSE AND CONSTRUCTION OF SECTION 3244, REVISED STATUTES.—Section 3244 Revised Statutes (concerning limitations), provides, th "if any person, by absconding or concealing himself, or by any ther improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented." It has been the uniform construction of this statute that it was not designed to protect such plaintiffs as were simply *ignorant* of the *existence of the facts* entitling them to bring suit "unless that ignorance is occasioned or

brought about by some improper conduct on the part of the defendant." It is the *doing* of some improper act, calculated to throw the plaintiff *off his guard*, some act of concealment or suppression *where the party ought to speak*, that suspends the operation of the statute of limitations.

2. PRINCIPAL AND AGENT—SUB-AGENT—RELATION TO HIS PRINCIPALS— CASE ADJUDGED.—Where, from the nature of the case, and the method of making collections, as where the matter is to be prosecuted at a distance (in this case, Washington City), the business must be conducted by a sub-agent; and one of the joint principals selects such sub-agent and advises his fellow of it, who, by not objecting, acquiesces in it; the sub-agent is as much the agent of the latter as of the former, and he can maintain action directly against the sub-agent on any liability growing out of his employment.

3. PLEADING—PRACTICE—CASE ADJUDGED.—Under the general issue defendant may prove any fact which goes to show that plaintiff never had a cause of action against him. And under it, *in this case*, the defendant was entitled to make any proof which included a fact within the terms of the allegations necessary to support the plaintiff's case, and as he cannot be held to anticipate the line of evidence the plaintiff may pursue, he must, *ex necessitate*, be permitted to meet such proof under the general issue.

4. PRACTICE—ISSUES—INSTRUCTIONS — CASE ADJUDGED.—An instruction which authorizes a recovery should embrace all the issues which there is any evidence to support. *Here* the instructions given entirely ignored the defence of the statute of limitations.

APPEAL from Barton Circuit Court, HON. CHARLES G. BURTON, Judge.

*Reversed and remanded.*

Statement of case by the court.

The petition charges that in 1862, one Washington Adamson delivered to defendant certain vouchers held by him on the government of the United States for horses sold by Adamson to said government, calling for the sum of four hundred dollars, and that defendant agreed and undertook to collect the same for Adamson; and that defendant did collect the same. That Adamson died intestate in the year 1863. There were successive letters of administration granted on his estate, until the plain-

tiff was appointed administrator *de bonis non* in 1866.
It is then alleged that defendant did not collect said
money until after the death of Adamson; and that he
concealed from the widow of Adamson, while she was
administratrix, and from this plaintiff, the fact that he
had received said vouchers and collected the money
thereon, and that they had no knowledge thereof until
after final settlement and discharge of said administrator.
The probate court re-appointed plaintiff such adminis-
trator *de bonis non* for the purpose of this action in 1883.
The petition asks judgment for the sum so collected
with interest from date of collection.

The answer tended the general issue, and the plea
of the statute of limitations. The reply denied the bar of
the statute of limitations, and alleged "that defendant,
by concealment of the facts alleged in the petition, pre-
vented the bringing of the action on account thereof
until within less than five years before this suit was
commenced."

The cause was tried before a jury. The plaintiff's
evidence tended to show that in 1862 the defendant went
to Fort Scott, Kansas, to sell some horses to the govern-
ment, and at the request of Adamson took certain horses
for him to sell as an accommodation for Adamson. The
horses were accordingly turned over to the government
in the name of defendant, and a voucher was issued
therefor, together with the amount of defendant's horses,
in the name of defendant. This was done, presumably
with the assent of Adamson, to facilitate collection.
Defendant gave this voucher to Nathan Bray, an attor-
ney at law, resident near by, for collection. After
Adamson died, both his widow and the administrator
had conversations with defendant, in which he told them
he had so placed the voucher in the hands of Bray, and
that nothing had been collected, and that he had never
received anything on it. This was as early as 1866.

Plaintiff also introduced evidence showing that in
1867 a power of attorney had been executed by defendant

to one Sutherland, of St. Louis, authorizing him to collect said voucher, and evidence that the money on the voucher had been paid by the government to said Sutherland in 1867. There was no proof that defendant had ever received this money from Sutherland. The defendant's testimony was, in substance, that he had put Adamson's horses in with his to sell, for Adamson's accommodation, as a neighbor; that the voucher was given for the whole number of horses sold, and that, being unable to obtain the money short of Washington City, he handed the voucher to Nathan Bray for collection, who was a man of high character. and a reputable lawyer. That he was acting in this matter both for himself and Adamson, and without any hire; that he frequently made inquiry of Bray about the collection, and that Bray always told him he had not been able to collect the money; and that he so reported the fact to plaintiff and the widow. In respect of the power of attorney to Sutherland, he testified that he had no recollection whatever of making such an instrument to him; that he signed such papers respecting the collection of the claim as were presented to him by Bray, and supposed the paper was made to him; that he never saw or heard of the man Sutherland before this controversy, and had no knowledge of his having collected the money; and that he never received one cent from Sutherland or any other person on account of said voucher. The larger portion of this voucher belonged to defendant for his own horses.

Nathan Bray appears to have died some time prior to the institution of this action.

Under the instruction of the court the jury found the issues for plaintiff, and judgment was entered accordingly. Defendant has appealed.

THURMAN & WRAY, for the appellant.

I. A married woman is not a competent witness for or against her husband in a suit where her husband is a party. 1 Phil. Evid. (4 Ed.) 87; 1 Greenl. on Evid., sect.

341. There are two *exceptions* to this rule, made by the statutes of Missouri; *first*, where she has an *interest* in the subject matter of the suit; sect. 4010, Rev. Stat; *second*, when she acts as *agent* of her husband. Sect. 4014, Rev. Stat.

II. Where there is a total failure of proof of the cause of action, as stated in the petition, it is fatal to plaintiff's recovery, for the plaintiff can only recover upon the case as made by the pleadings. *Dougherty v. Matthews*, 35 Mo. 528; *Faukner v. Faukner*, 73 Mo. 327; *Waldhier v. Railroad*, 71 Mo. 514; *Jackson v. Hardin*, 83 Mo. 175.

III. Defendant was a mandatory, and was only liable for a failure to bestow such care as he bestowed on his own property, or for such gross negligence as is inconsistent with good faith. Story on Bailments (9 Ed.) sects. 174, 182; *Wiser v. Chesley*, 53 Mo. 547; 2 Kent's Com. 560.

IV. Agents, as *bailees*, have the right to employ a *sub-agent*, where, from the nature of the undertaking, it must have been contemplated by the principal (bailor), or where there is a custom of employing a sub-agent in the transaction of the business of the agency. Story on Agency (9 Ed.) sect. 201; 1 Parsons on Cont. 83; *Planter's Bk. v. 1st Nat. Bk.*, 75 N. C. 544; *Hall v. Lauderdale*, 46 N. Y. 70. And he is not liable for the default of the sub-agent, unless he participated in it, or acted in bad faith in selecting the substitute. Story on Bailments (9 Ed.) 174; Story on Agency, sect. 217 *a;* *McLean v. Rutherford*, 8 Mo. 109; *McMorris v. Simpson*, 21 Wend. (N. Y.) 610; Erskine's Inst., book three, title three, section 34; Dig. Lib. 17, Tit. 1, L. 8, sect. 3.

V. The statute of limitations begins to run against a cause of action in favor of an estate as soon as an administrator is appointed, and there is a person in being that can sue. *Milan v. Pemberton*, 12 Mo. 599; *Mc-*

*Kinzie v. Hill*, 51 Mo. 303 ; *Ayers, Adm'r, v. Donnell*, 57 Mo. 396 ; *Tapley's Adm'r v. McPike*, 50 Mo. 589.

VI. Under section 3244, Revised Statutes, a defendant may be deprived of the benefit of the statute of limitations ; but when these matters are relied on as answer to the plea of such statute, they should be fully set out, so as to advise the person pleading the statute of the *particular thing* charged to have been done to avoid his plea. And it must be *proven* as *pleaded.* Ignorance of the *facts* which constitute a cause of action is no excuse for not bringing a suit within the time limited by law for bringing such actions. *Moore v. Mining and Smelting Co.*, 80 Mo. 86 ; *Foley v. Jones*, 52 Mo. 64 ; *Wells v. Halpin*, 59 Mo. 92 ; *Smith v. Newby*, 13 Mo. 160.

VII. A general denial is equivalent to the " general issue," at common law, and it is sufficient to put in issue all the facts necessary for a plaintiff to prove in order to recover. *Moorman v. Barton*, 16 Ind. 266 ; *Perkins v. Emil*, 2 Kan. 355 ; *Allen v. Richard*, 83 Mo. 55.

VIII. The statute of limitations was sufficiently pleaded in defendant's answer, and the reply admits the sufficiency of the answer. *Birdsey v. Heilner*, 6 Fed. Rep. No. 3, p. 147.

IX. If there is any evidence tending to establish a defence, the trial court is bound to submit the issues to the jury. *Holliday v. Jones*, 59 Mo. 482 ; *Kelly v. Railroad*, 70 Mo. 604 ; cited and approved in 79 Mo. 466, and in 80 Mo. 225.

BULER & TIMMONDS, for the respondent.

I. The petition sufficiently alleges the improper conduct of defendant in concealment of the fact that he had collected the money, to avoid the bar of the statute of limitations. Sect. 3244, Rev. Stat. ; *Arnold v. Scott*, 2 Mo. 13 ; *Smith v. Newby*, 13 Mo. 159.

II. There was no error in permitting Mrs. Hoffman to testify. *Frigley v. Cowgill*, 48 Mo. 295 ; *Sherwood's*

*Adm'r v. Hill*, 25 Mo. 392 ; *Scroggin v. Holland*, 16 Mo. 425 ; *Cannon v. Moore*, 17 Mo. App. 92 ; *Robinson v. Talmage*, 97 Mass. 171. But even if erroneous, the admission of her testimony would be no ground of reversal, for she testified to nothing more than was admitted by defendant in his own testimony ; and her evidence could not have affected the verdict, and the error, if any, was harmless. *Public School v. Risly*, 40 Mo. 370.

III.   Proof that Sutherland received the money for defendant, under the power of attorney introduced in evidence, was sufficient to fix the liability of defendant in this action.   Dunlap's Paley's Agency, 292 ; Story on Agency, sect. 231 ; *Matthews v. Hayden*, 2 Esp. Cas. 509.

IV.   The answer did not aver any facts to relieve defendant from his liability.   Hence the question of negligence, or of defendant's duties as a mandatory does not arise in the case, and the authorities cited as to bailments are inapplicable. *Camp, Adm'r, v. Heelen*, 43 Mo. 591 ; *Northrup v. Insurance Co.*, 47 Mo. 435 ; *McCormick v. Brush*, 38 Tex. 344.

V.   Even if properly pleaded, the facts, as shown in evidence, would have constituted no defence in this action, so far as defendant's original liability on account of the money collected by his attorney in fact is concerned. *Cobb v. Becke*, 6 Q. B. (E. C. L.) Rep. 930 ; *Montgomery Co. Bk. v. Albany Bk.*, 7 N. Y. 459.

VI.   Plaintiff's right of action is not barred by the statute of limitations. *Kane Co. v. Cook*, 8 Cal. 457 ; *Foley v. Jones*, 52 Mo. 64 ; *State to use of Judge v. Gatzweiler*, 49 Mo. 28 ; Angell Lim. 186.

VII.   The instructions given by the court presented to the jury the only questions concerning which there was any conflict in the testimony, *and, under the pleadings and evidence*, those asked by defendant were properly refused. *Jaccard v. Anderson*, 37 Mo. 91 ;

*Barr v. Armstrong*, 55 Mo. 588; *Fields v. Railroad*, 80 Mo. 203.

THURMAN & WRAY, in reply.

If defendant had *forgotten* the fact of signing the power of attorney, and, for *that reason*, failed to disclose to plaintiff that fact, it would not constitute an "improper act," under section 3244, Revised Statutes. *Lyl v. Shinnebarger*, 17 Mo. App. 66. And there is not...ng in the record to show that *plaintiff* did not know all the facts.

PHILIPS, P. J.— I. On this record this judgment was manifestly for the wrong party. The plaintiff's cause of action accrued in 1867, whereas this suit was not brought until 1883, more than sixteen years after it might have been instituted. Under the statute it was barred in five years. But plaintiff contends that it is saved by section 3244, Revised Statutes, which provides, that: "If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented."

The reply only alleges that defendant concealed from plaintiff the facts alleged in the petition; that is to say, the defendant concealed from plaintiff the fact that he had received from Adamson certain vouchers, and the fact that defendant had collected the money thereon.

This is nothing more, in substance, than an affirmation that defendant had collected money and that plaintiff was ignorant thereof, as an excuse for not bringing action to recover it within the time limited by the statute of limitations.

It has been the uniform construction of this statute that it was not designed to protect plaintiffs who were simply ignorant of the existence of the facts entitling

them to bring suit, "unless that ignorance is occasioned or brought about by some improper conduct on the part of the defendant." *Wells v. Halpin*, 59 Mo. 95 ; *Taylor, Adm'r, v. Newby*, 13 Mo. 159 ; *Foley v. Jones*, 52 Mo. 64. It is the doing of some improper act, calculated to throw the party plaintiff off his guard, some act of concealment or suppression where the party ought to speak, that suspends the operation of the statute of limitations.

It was not designed to impose upon the debtors the obligation of going to their creditors and offer to confess judgment or acknowledge a liability before they can invoke the statute of limitations.

The evidence in this case shows that plaintiff, as early as 1866, was in possession of the knowledge that the voucher had been issued, and that defendant had placed it in the hands of Bray for collection. The means of information as to whether it had been collected were as accessible to plaintiff as to defendant. A simple inquiry of Bray would have enabled plaintiff to learn all about it, and the fact, presumably, that Suthlerland had it. And if not satisfied with the information derived from Bray, a letter to the department at Washington City would have informed him whether or not the money had been paid. The defendant gave him all the information he had, or at least there is not one word in this record to show that defendant had knowingly misstated a single fact to plaintiff. As the plaintiff was advised of defendant's relation to this matter, and of the necessity of a collection at Washington City, the defendant being a mere mandatory without hire, it was not to be expected that he would conduct the collection in person by going to Washington City. In the very nature of the case, and the almost universally known method of making such collections, the plaintiff knew that it had to be conducted by a sub-agent. And when advised of the fact that the voucher had been committed to Bray for such purpose, the plaintiff, by not objecting, acquiesced in the selection. In such case the sub-agent became as

much the agent of plaintiff as that of defendant; and he could have maintained an action directly against the sub-agent for the money collected going to the estate. Story on Agency, sects. 201, 217 *a*.

It is true the evidence shows that defendant executed to Sutherland a power of attorney, by which he was enabled to make the collection. But the petition is not framed upon any misconduct in this respect, nor does the reply impute any concealment of this fact by defendant as the basis of recovery; and if it had the proof would not have warranted a recovery based thereon.

II. But plaintiff contends that under the general issue the defendant is confined singly to the question : Did he receive the money? And when plaintiff showed that defendant's attorney, Sutherland, had collected the voucher, his case was made. The general denial has no such restricted office in this case. Under it the defendant was entitled to make any proof which included a fact within the terms of the allegations, necessary to support the plaintiff's case. *Northrup et al. v. Insurance Co.*, 47 Mo. 444. Under the general issue the defendant might prove any fact which went to show that plaintiff never had a cause of action against him. *Greenway v. James*, 34 Mo. 328.

Especially was it competent for the defendant, after it became necessary to support plaintiff's case, that he should prove the fact of the power of attorney to Sutherland, and Sutherland's collection, to show, as part of the *res gestae*, how the power of attorney came to be executed, and defendant's ignorance of its existence, and the fact of payment to Sutherland.

As counsel for plaintiff contends, it was not required of him that he should aver in his petition the manner or means of collection by defendant, as that was matter of evidence, and as the defendant cannot be held to anticipate the line of evidence the plaintiff may pursue, he must, *ex necessitate*, be permitted to meet such proof under the general issue. *Lain v. Shepherd-*

*son*, 23 Wis. 224; *Mather v. Hutchinson*, 25 Wis. 36; *Taylor v. New England Coal Mining Co.*, 4 Allen 577.

Unless the defendant, at the time of his coversations with the widow and plaintiff, concerning the voucher, knew that he had given the power of attorney to Sutherland, and that Sutherland had collected the money, how was it possible for him to conceal the fact from plaintiff? The statute admits of no such absurdity.

III. It is unnecessary to review the instructions. The court tried the case on a wrong theory. The instructions given entirely ignored the defence of the statute of limitations. An instruction which authorizes a recovery should embrace all the issues, which there is any evidence to support. *Fitzgerald v. Haywood*, 50 Mo. 516; *Raysdown v. Trumbo*, 52 Mo. 35; *Porter v. Harrison*, 52 Mo. 524.

The court should, on another trial, in explicit terms advise the jury, that under the evidence the plaintiff's cause of action is barred, and he cannot recover, unless the plaintiff has satisfied their minds from the evidence that plaintiff, by some improper act of the defendant, was kept in ignorance of the facts, whereby he was prevented from bringing his action until the time he did; and that mere proof of ignorance on the part of plaintiff that the money had been collected by Sutherland, will not warrant the jury in finding the existence of the required improper conduct on defendant's part.

The jury should also be told, that if they find from the evidence that defendant undertook the sale of the horses, and the collection of the voucher as an accommodation to Adamson, and that he gave the voucher to Bray for collection, and informed plaintiff of this fact, and that he executed the power of attorney to Sutherland under the belief that it was to Bray, and in good faith told the plaintiff that Bray had not collected the money, and was ignorant of the fact that Sutherland had collected it, the jury should find for the defendant.

IV. As to the competency of the widow to testify

in this case, it is enough to say that the rule is fully de-clared in *Holman v. Bachus* (73 Mo. 49), and *Cannon v. Moore* (17 Mo. App. 92–99).

The judgment of the circuit court is reversed, and the cause is remanded for further proceeding conform-ably herewith. All concur.