| 25 | 609 |
| 42 | 373 |
| 42 | 376 |
| 42 | 668 |
| 25 | 609 |
| 43 | 16 |
| 25 | 609 |
| 60 | 608 |

JOSEPH C. HIGGINS, Respondent, v. JOSEPH L. CARTWRIGHT, Appellant.

Kansas City Court of Appeals, April 25, 1887.

1. CONTRACT—AGREEMENTS TO ALLOW INDIVIDUAL DEBTS TO BE SET OFF AGAINST A JOINT CLAIM—WHEN EFFECTUAL.—Agreements to allow individual debts to be set off against a joint claim, can only be made effectual by the concurrence of each of the joint creditors.

2. ——— EVIDENCE VARYING WRITTEN INSTRUMENT BY PRIOR AGREEMENTS NOT COMPETENT.—Evidence of agreements made prior to the execution of a note cannot be received to vary or contradict the terms of any absolute promise to pay.

*On Re-hearing.*

3. PLEADING—SET-OFF OF FIRM DEBT AGAINST FIRM CLAIM—PROOF UNDER GENERAL DENIAL OF FRAUDULENT ASSIGNMENT.—In a suit

by the assignees of a note, payable to a firm, a debt due from the firm to the defendant, pleaded as a set-off, warrants proof of it as against the original payees, or their assignees, taking it for the fraudulent purpose of preventing such set-off, and the proof may be made under a general denial.

APPEAL from Pettis Circuit Court, HON. JOHN P. STROTHER, Judge.

*Affirmed, less the remittitur.*

Statement of case by the court.

This is an action on a promissory note, the petition being in the usual form.

The note was payable to Crandall & Sinnett, called for eight hundred dollars, due in four months. Upon the back of the note was the following endorsement: "Pay to the order of J. C. Higgins, without recourse on me. Crandall & Sinnett." The answer admitted the execution of the note, but, "whether or not the same was endorsed to plaintiff, and whether or not plaintiff is the legal owner and holder thereof, the defendant has no knowledge or information sufficient to form a belief."

The answer further stated, "at the time of the performance of the services, which were the consideration of said note, and from time to time, up to the date of said note, this defendant did certain work and labor for each of said parties, Crandall & Sinnett, and sold and delivered to each of them, at their special instance and request, certain goods, wares, and merchandise and provisions and feed, etc., and, at the time aforesaid, it was distinctly understood and agreed, by and between this defendant and the said Crandall & Sinnett, that the amounts of their respective accounts should be credited upon his indebtedness to them, and when the said note was executed and delivered to the said Crandall & Sinnett, it was so distinctly understood and agreed, at the time of the execution of the delivery of said note, that

the aggregate amount of defendant's accounts, and the interest thereon, should be deducted from the amount due upon said note."

The answer then proceeded to set out the various credits to which defendant was entitled under the agreement alleged. The court sustained the demurrer to this answer, and defendant, electing to stand on the answer, appealed to this court.

WILKERSON & MONTGOMERY, for the appellant.

I. The appellant contends that the answer was sufficient to entitle the plaintiff thereunder to show such a state of facts as would make the off-sets pleaded by him good against the plaintiff. The answer avers that, "whether or not the same (the note) was endorsed to plaintiff, and whether or not the plaintiff is the legal owner and holder thereof, the defendant has no knowledge or information sufficient to form a belief." *This is the same as a general denial of these facts.* Bliss on Code Pleading, sect. 326. As the court says (in the case in 10 Mo.) the recognition of a contrary principle would lead to irreparable wrong. All a man would have to do to cut out any off-set against him on such paper would be to make a colorable assignment of it to some friend, and sue in his name. And the defendant contends that he had a right, under the denial, to show that the endorsement and the assignment of the note was simply *colorable* or *fraudulent,* and made by collusion, for the very purpose of evading and cutting off proper and legitimate off-sets of the defendant. Bliss on Code Pleading, sects. 326, 328, 329, and authorities cited ; *Greenway v. James,* 34 Mo. 328. The defence was perfectly good if sustained by the evidence. *Baker v. Brown,* 10 Mo. 396 ; *Martindale v. Hudson,* 25 Mo. 422.

II. The defendant further contends that the off-set, as pleaded, was good against the note in the hands of Higgins. It avers that, at the time of the execution and

delivery of the note, it was agreed by the payees, Crandall & Sinnett, that their respective accounts should be credited thereon. So that the note, when delivered, was subject to the contract; it was a contract made at the time of the execution of the note, and a part of the very contract itself.

L. L. BRIDGES, for the respondent.

. I.   Contemporaneous, oral agreements, cannot be set up to change or defeat a written contract or promise. When the instrument is a promissory note for the direct payment of money, the rule is so well established as almost to become a maxim of the law, and it is not deemed necessary to cite authorities.

II.   As to the only remaining point made by appellant, to-wit: That the allegation, in the answer, that defendant had no knowledge or information sufficient to form a belief, as to whether or not the note was endorsed to plaintiff, and whether or not the plaintiff was the legal owner and holder thereof, such an averment is, at best, but a general denial, and is insufficient to put the plaintiff upon proof of *bona fide* ownership. Such fact must be *specially pleaded*. *Jackson v. Whedon*, 1 Smith, 141 ; *Brett v. First Universalist Society of Brooklyn*, 63 Barb. 610 ; *Russell v. Clapp*, 7 Barb. 482 ; *Savage v. Fire & Inland Navigation Ins. Co.*, 4 Bosw. 1.   The petition averred that the note was endorsed to plaintiff, and the endorsement is admitted in appellant's brief.   If the defendant pleads such indorsement to be fraudulent and without consideration, such averment is new matter, and must *be specially pleaded*, and cannot *be shown on general denial*.   Bliss on Code Pleading, sect. 330.

WILKERSON & MONTGOMERY, on re-hearing.

I.   The *third* paragraph of the answer sets up a set-off of a *firm debt*, and was well pleaded and constitutes a proper set-off against the notes in the hands of

plaintiff. This paragraph of the answer reads as follows: "And the defendant further avers, that the said firm of Crandall & Sinnett was the owner of a certain horse which they delivered to the defendant, and bargained with him to keep, feed and pasture the same, and should break the same to work and ride; that the defendant, in accordance with this contract, did take, feed, and pasture said horse for a period of twenty-two months, and did break the same, both to work and ride, and that the reasonable value of the same is eighty-eight dollars, which the said Crandall & Sinnett promised and agreed to pay." All the preceding part of the answer refers to matters of account existing between the appellants and the individual members composing the firm of Crandall & Sinnett, the payees of the note, and seeks to make the account an off-set to the note, on the plea of a promise and agreement on their part, at the time of the execution and delivery of the note, that it should be done, but this third paragraph set up a matter of account with the firm, as such, for services rendered to them and their promise to pay it. There certainly can be no reason why this is not good against the note in the hands of the original payees. It seems to us to come clearly within the statute, section 3867. We understand the rule to be settled in this state, that, when a negotiable note is endorsed or transferred after maturity, the right of set-off on an independent contract does not follow it in the hands of an assignee, but a simple transfer, without consideration, and made for the purpose of evading and cutting off proper and legitimate off-sets, would not be held good for that purpose. The appellant contends that the answer was sufficient to entitle the plaintiff thereunder to show such a state of facts as would make this off-set pleaded by him good against the plaintiff. The answer avers that, "whether or not the same (the note) was endorsed to plaintiff, and whether or not the plaintiff is the legal owner and holder thereof, the defendant has no knowledge or information sufficient

to form a belief." This is the same as a general denial of these facts. Bliss on Code Pleading, sect. 326. As our supreme court says, in the case of *Baker v. Brown* ( 10 Mo. 396 ), the recognition of a contrary principle would lead to irreparable wrong. All a man would have to do to cut out any off-set against him on such paper, would be to make a colorable assignment of it to some friend, and sue in his name. And the defendant contends that he had a right, under the denial, to show that the endorsement and the assignment of the note was simply colorable or fraudulent, and made by collusion, for the very purpose of evading and cutting off proper and legitimate off-sets of the defendant. Bliss on Code Pleading, sects. 327, 328 and 329, and authorities cited ; *Greenway v. James*, 34 Mo. 328. The defence was perfectly good if sustained by the evidence. *Baker v. Brown*, 10 Mo. 396 ; *Martindale v. Hudson*, 25 Mo. 422. The court, in its opinion in this cause, says that, waiving the first point made by counsel of appellants, and admitting it, for the purposes of this case, to be well taken, that "the most defendant could do would be to prove, as against plaintiff, the same facts permissible for him to prove against the original payees of the note, had it not been assigned." This is all we ask.

.ELLISON, J.—Defendant contends that the demurrer should not have been sustained, as it was his right, under that part of the answer disclaiming knowledge or belief as to whether the note was assigned to plaintiff, to prove that the assignment of the note was simply "colorable or fraudulent, and made by collusion for the very purpose of evading and cutting off proper and legitimate off-sets of the defendant."

That part of the answer amounted to a denial under our statute, but as to whether defendant, under a simple denial, could prove a fraudulent and collusive transfer, we need not consider under the view we take of the case. The most that defendant could do, would be to prove,

as against plaintiff, the same facts permissible for him to prove against the original payees of the note, had it not been assigned. The question, then, is, do the facts set up in defendant's answer constitute a defence to the note against the payees.

It will be noticed, that the agreements as to the credits to which defendant says he is entitled were made prior to the execution of the note, and were agreements to allow individual debts to be set off against a joint claim, which could not be done except by agreement of each of the joint creditors.

It has been uniformly maintained in this state, that evidence of such agreements or understandings could not be received to vary or contradict the terms of any absolute promise to pay. *Smith, Adm'r, v. Thomas,* 29 Mo. 307; *Jones v. Shaw,* 67 Mo. 667; *Rodney v. Wilson,* 67 Mo. 123.

We think the matter offered in the answer was no defence to the action, conceding defendant everything he would have been entitled to, as against the original payee. The result is, we affirm the judgment. Hall, J., concurs; Philips, P. J., not sitting.

## On re-hearing.

ELLISON, J.—In the original opinion, counsel failed to call the court's attention to the third paragraph of the answer, and the court, in consequence, overlooked it. By that paragraph, a debt due from the firm, the payees, to defendant is alleged and asked to be allowed as an off-set. This would admit proof of such allegation against the original payees or their assignee, who may have taken an assignment of the note for the fraudulent purpose of preventing such off-set.

The question, then, is, can a fraudulent and collusive assignment be proved under a general denial?

It must be admitted, "that fraud, as a defence, is sustained by affirmative facts which do not contradict,

but avoid, the legal effect of the facts stated by the plain-
tiff." Bliss on Code Pleading, sect. 329. Yet this
author understands the rule to be different in Missouri.
*Greenway v. James*, 34 Mo. 327; *Corby v. Widdle*, 57
Mo. 452; *Young v. Glasscock*, 79 Mo. 574.

It follows that the demurrer should not have been
sustained to that part of the answer referred to above,
and the judgment would be reversed and the cause re-
manded, but for the fact that a *remittitur* is now offered
in this court of $112.93, being the amount in full and
interest claimed in that part of the answer. The judg-
ment will, therefore, be affirmed, less the *remittitur*, and
the costs of this appeal will be adjudged against the
respondent.