J. E. WHITE, Respondent, v. WILLIAM MIDDLESWORTH, Appellant.

Kansas City Court of Appeals, December 1, 1890.

Contracts: PRINCIPAL AND SURETY : FRAUD : PLEADING : EVIDENCE. In an action on a promissory note, against the surety, the defendant pleaded an extension of time, for a good consideration, without his knowledge or consent. Plaintiff replied by a general denial. Defendant proved the extension as alleged in his answer, and objected to plaintiff's testifying to conversations and agreements with the principal in defendant's absence, and that the extension was made on the principal's representations that the defendant knew of, and agreed to, the terms of the extension. *Held*—

(1) The evidence objected to tended to show the agreement for the extension was void *ab initio*, on account of the fraud and deceit of the principal in procuring it, and was admissible under the general denial.

(2) It is only where the contract is merely voidable, and not void, that it is necessary to plead specially the circumstances of the fraud.

(3) Such evidence would not be admissible if the object of its introduction had been to establish the liability of the

defendant on the note as extended or modified by the new agreement, as there was no relation of principal and agent between the principal debtor and defendant.

(4) The agreement for the extension, being void for fraud, fails, and leaves the obligations of all the parties to the original note unimpaired.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*James T. Burney*, for appellant.

(1) The proof should correspond to the issues made by the pleadings. The evidence, therefore, in regard to the alleged misrepresentations and fraud of Beers, not having been pleaded, was inadmissible. 1 Greenleaf on Ev., secs. 50, 51; *Sugg v. Blow*, 17 Mo. 359; *Sybert v. Jones*, 19 Mo. 86; *Galbreath v. City of Moberly*, 80 Mo. 484; *Cummiskey v. Williams*, 20 Mo. App. 606; *Mize v. Glenn*, 38 Mo. App. 98. (2) The evidence, as to what plaintiff said to Beers, and the contents of the letter, alleged to have been written by Beers to plaintiff, asking for an extension, and saying "it was all right with Middlesworth," was hearsay, and improper. (3) Plaintiff's evidence, even if admissible and true, shows him to have been guilty of negligence in relying upon the alleged remark of Beers, the principal, without further inquiry as to its truthfulness. *Peers v. Davis' Adm'rs*, 29 Mo. 184; *Jones v. Railroad*, 79 Mo. 96; *Bank v. Hunt*, 7 Mo. App. 42; *Franklin v. Holle*, 7 Mo. App. 241; *Fretwell v. Laffoon*, 77 Mo. 26. (4) Under the evidence, the defendant was discharged from liability upon the note sued on. *Noll v. Oberhellman*, 20 Mo. App. 336; *Stillwell v. Aaron*, 69 Mo. 539; *Wild v. Howe*, 74 Mo. 551; *Ins. Co. v. Hauck*, 71 Mo. 465; *Ins. Co. v. Hauck*, 83 Mo. 21; *Bank v. Barnes*, 70 Iowa, 412.

*Noah M. Givan,* for respondent.

(1) In order to release the surety on a note, the principal must make a valid and binding contract with the holder to extend the time of payment, which presupposes a sufficient consideration, and must be without the consent of the surety. Tiedeman on Commercial Paper, sec. 424; 2 Daniel on Neg. Inst., sec. 1317*a*, 1318; *Moore v. Bank,* 22 Mo. App. 684; *Ford v. Beard,* 31 Mo. 459; *Bank v. Dow,* 4 N. E. Rep. (Me.) 496; *Berry v. Pullen,* 69 Me. 101; 31 Am. Rep. 248. (2) The creditor must do some act by which he deprives himself of the right of proceeding at law in the collection of the obligation. *Ford v. Beard,* 31 Mo. 459; *Rucker v. Robinson,* 38 Mo. 154; *Hosea v. Rowley,* 57 Mo. 357; *Headlee v. Jones,* 43 Mo. 237; *Russell v. Brown,* 21 Mo. App. 55. (3) Where the principal obtains from the holder an extension of time upon the false representation that the surety had consented to the extension, the surety will not be discharged by reason of the agreement. *Bangs v. Strong,* 10 Paige, Ch. 11; Brandt on Suretyship, secs. 296, 299; *Milmine v. Bass,* 29 Fed. Rep. 632–5; *Albright v. Griffin,* 78 Ind. 182; *Hubbard v. Hart,* 71 Iowa, 668; *Kirby v. Landis,* 54 Iowa, 150; *Struss v. Bank,* 11 S. W. Rep. (Ky.) 769. (4) The test is, whether the principal could, on account of such contract, have successfully defended a suit on the note. *Hartman v. Redman,* 21 Mo. App. 126; *Russell v. Brown,* 21 Mo. App. 55; *Noll v. Oberhellman,* 20 Mo. App. 341; *Berry v. Pullen,* 69 Me. 101. (5) The evidence in regard to the misrepresentations and fraud of Beers, in procuring the alleged contract from plaintiff for the extension of time of payment of the note, was admissible under the pleadings. *Corby v. Weddle,* 57 Mo. 452; *Greenway v. James,* 34 Mo. 328; *Cavender v. Waddingham,* 2 Mo. App. 551; *Stewart v. Goodrich,* 9 Mo. App. 125; *Young v. Glasscock,* 79 Mo. 574; *Eidson v. Hedger,* 38 Mo. App. 53; *Higgins v. Cartwright,* 25

Mo. App. 615–6 ; *Tyler v. Larimore,* 19 Mo. App. 458 ; *Goff v. Roberts,* 72 Mo. 570 ; *Wilkerson v. Farnham,* 82 Mo. 678 ; *Clements v. Knox,* 31 Mo. App. 198.

SMITH, P. J.—This was a suit on a promissory note for three hundred dollars. The answer pleaded that the defendant had executed said note as the surety of one Beers who was principal therein ; that about the month of March, 1888, and prior to the maturity of said note, plaintiff, well knowing that defendant was merely a surety on said note, made and entered into a contract with D. M. Beers, the principal therein, by which plaintiff agreed with said Beers that if the latter would pay him twelve per cent. interest on said note from its date instead of ten per cent. as in said note stipulated, plaintiff would upon his part extend the time of payment of said note to March 26, 1889 ; and said Beers agreed upon his part to pay said extra two per cent. as interest on said note, and did, about March 21, 1888, pay plaintiff thereon the sum of thirty-six dollars as interest from March 27, 1887, to March 26, 1888, and thereupon plaintiff executed his agreement to extend the time for the payment of said note to March 26, 1889 ; that the agreement between the plaintiff and said Beers, above set forth, and the payment of said extra interest, were all without the knowledge or consent of defendant ; that by reason of the premises defendant is released and discharged from all liability upon said note. The reply controverted the answer.

Upon this state of the pleadings there was a trial at which defendant testified among other things that he was only a surety on said note, and that it was given for money which the plaintiff loaned the said Beers, who was principal therein, and that he had not consented in any manner to the extension of the time for the payment of said note ; that, upon inquiring of said Beers after the maturity of said note as to whether the same had been paid off, he informed defendant that the time

of the payment of the same had been extended for a year longer, and produced the following letter which was received by him from the plaintiff:

. " VESPER, KANSAS, March 21, 1888.

"*Mr. D. M. Beers.*

" DEAR SIR : —I received your check for thirty-six dollars which is all right, which pays the interest on your note for one year and extends it another year.

"J. E. WHITE."

In March, 1889, the plaintiff for the first time demanded that defendant pay said note. Beers had then fled, and his whereabouts was unknown to either party.

The plaintiff testified that Beers had applied to him for an extension of the time of the payment of the note, and that he had told him that he would if it was all right with the defendant; that afterwards Beers wrote him a letter stating that he wanted the money for another year, and sent the interest for that year which was thirty dollars, and six dollars which was the extra two per cent. to go on the next year. He also stated that it was all right with the defendant. The letter plaintiff stated was lost. The letter to Beers already set forth was written in answer to this last letter. Although the note on its face bore only ten per cent. per annum, under an agreement entered into privately between plaintiff and Beers the latter was to pay twelve per cent.; that the extra two per cent. was deducted from the three hundred dollars loaned in the first instance, and the six dollars paid at the time of the extension was that per cent. for the second year as stated in the letter to Beers. The plaintiff over the objections of the defendant was permitted to testify as to conversations between Beers and himself, in absence of defendant, in respect to the extension of the note as well as to the statements of Beers to plaintiff that defendant said that it would be all right with him

defendant, for plaintiff to extend the note.    There was considerable other evidence but it is believed the foregoing synopsis contains the substance of the material portions of it.    The judgment of the court was for the plaintiff, and from which defendant has appealed.

I.    The defendant contends that inasmuch as the replication did not plead the false and fraudulent representations of Beers, by which he obtained from plaintiff an extension of the time of the payment of the note, that evidence thereof was improperly admitted under the pleadings as framed.    The answer pleaded a discharge of the defendant as surety.    It set forth an agreement entered into between plaintiff and Beers, the principal in the note, for the extension of the time of payment based upon a sufficient consideration, the effect of which was to discharge the defendant from his obligation to pay the note.    The evidence of the plaintiff, to which objection is made, was to the effect that Beers had falsely and fraudulently represented to the plaintiff that the defendant had assented to the extension of the note whereby he was misled and induced to extend it. The fraud, if established by the evidence, tended to disprove an agreement valid in law for the extension.    It tended to show the agreement was void *ab initio*, on account of the fraud and deceit of Beers in procuring it.    The evidence in question proved that the agreement, the basis of the defense, never existed.    In other words, that it was as if it had never been—nothing.    Under the general denial evidence of this character was admissible. *Lambert v. Atkins*, 2 Camp. R. 272 ; *Anthony v. Wilson*, 14 Pick. 303 ; *Bottomly v. United States*, 1 Story Ct. Ct. Rep. 135 ; *Greenway v. James*, 34 Mo. 326 ; *Corby v. Weddle*, 57 Mo. 452 ; *Young v. Glasscock*, 79 Mo. 572 ; *Higgins v. Cartwright*, 25 Mo. App. 609 ; *Springer v. Kleinsorge*, 83 Mo. 152 ; *Northrup v. Ins. Co.*, 47 Mo. 435 ;  *Hoffman, Adm'r, v. Parry*, 23 Mo. App. 20 ; *Crone v. Dawson*, 19 Mo. App. 214 ; *Teemer v. Thomas*, 10 Mo. App. 338 ; *Stewart v. Goodrich*, 9 Mo. App. 125 ;

*Cavender v. Waddingham*, 2 Mo. App. 551. Where the contract is only voidable, not void, it is necessary to plead specially the circumstances of the fraud, and the rule of pleading in such cases is essentially different from where the contract is a mere nullity—void *ab initio*. The distinction is fully illustrated by Mr. Justice PUTNAM in *Anthony v. Wilson, supra*. The numerous cases which we have cited from the reports of the appellate courts of this state fully demonstrate the applicability of the rule to the case under consideration. The evidence was properly admitted under the general denial.

II.    The defendant's further contention is, that the testimony of the plaintiff, as to the representations of Beers to him to the effect that defendant had or would assent to the extension of the time of the payment of the note, was inadmissible, should have been sustained, if the object of its introduction had been to establish a a liability of defendant on the note as extended or modified by the new agreement.    The theory alone upon which such evidence would be admissible for that purpose is that of agency—that Beers had been authorized or deputed by the defendant to represent to plaintiff for him that he assented to the extension of the time of the payment of the note.    If Beers had been the agent of the defendant for that purpose, then his statements made as such to the plaintiff were admissible provided his agency was established, of which there was no evidence.    An agent cannot prove the existence and scope of his agency by his own unsupported declarations. *Farrer v. Kramer*, 5 Mo. App. 169 ; *Diel v. Railroad*, 37 Mo. App. 454 ; *Whiting v. Lake*, 91 Pa. St. 349 ; *Reynolds v. Ins. Co.*, 36 Mich. 131.

But the evidence was introduced for another and entirely different purpose, which was to establish the representations that constituted the fraud vitiating the agreement for the extension of the time of the payment

of the note, and for this purpose it was clearly admissible. The uncontradicted evidence of the plaintiff proved the representations of Beers, while that of the defendant established the false and fraudulent character of the same. The establishment of the fraudulent representation, by which the extension of the time of payment of the note was procured, in effect disposed of the defense pleaded, and left the note sued upon as if such agreement for such extension had never been made, in so far as the liability of the defendant on the note sued on was concerned. This agreement of extension, being void for fraud, fails and leaves the obligations of all the parties to the original note unimpaired.

The court found for the plaintiff, and that finding is conclusive on us. No point is made by the defendant that the trial court gave or refused any instruction showing that it made a wrong application of the law to the case. The court found that the inducing cause for the extension of the time of the payment of said promissory note was the said false and fraudulent representations of the principal Beers, and that but for such representations the plaintiff would not have made such agreement, and that, consequently, the defendant surety was not discharged from the payment of the note by reason of the making of such agreement. Brandt on Suretyship, secs. 296, 999 ; *Bangs v. Strong*, 10 Paige, Ch. 11 ; *Albright v. Griffin*, 78 Ind. 182 ; *Hubbard v. Hart*, 71 Iowa, 668 ; *Struss v. Bank*, 11 S. W. Rep. (Ky.) 769. We must rule all the points made by the defendant against him. It results, therefore, that the judgment of the circuit court must be affirmed. All concur.

## ON MOTION FOR REHEARING.

We do not doubt that a denial in general terms of the making of a contract puts in issue every fact essential to the original creation of the obligation. Under an issue so made, evidence tending to show that the

contract never had any existence, or was never made, was proper. *Cavender v. Waddingham*, 2 Mo. App. 551 ; *Turner v. Thomas*, 10 Mo. App. 338 ; *Higgins v. Cartwright*, 25 Mo. App. 609 ; *Hoffman v. Parry*, 23 Mo. App. 20 ; *Corby v. Weddle*, 57 Mo. 452 ; *Northrup v. Ins. Co.*, 47 Mo. 435 ; *Greenway v. James*, 34 Mo. 326 ; *State ex rel. v. Williams*, 48 Mo. 212 ; *Allen v. Richard*, 83 Mo. 56 ; *Springer v. Kleinsorge*, 83 Mo. 152.

There is a class of cases which seemingly limit this rule of practice to actions of replevin, ejectment and the like, but we can discover no good reason for such restricted application of it, and, therefore, adhere to the rulings already commended by us in this case.