THE STATE OF MISSOURI, Respondent, v. JOHN McLAIN, Appellant.

### Kansas City Court of Appeals, April 25, 1892.

1. **Statutory Construction:** RULES. In this 'case the following rules of statutory construction were applied: "A thing which is within the letter of the statute is not within the statute unless it be within the intention of the makers." "Penal statutes are always to be strictly construed for the benefit of the citizen." "A statute ought to be so construed that no man who is innocent can be punished or endangered."

2. **Selling Liquor:** MINOR: ORDER: PRINCIPAL. A sale of intoxicating liquor to a minor under an order disclosing his principal is a sale to the principal, and not to the minor; but a sale to a minor without an order disclosing his principal is a sale to the minor, even though the liquor be, in fact, for the principal, nor would the minor's statement at the time of the sale, that he was purchasing for another, take the sale out of the statute.

*Appeal from the LaFayette Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*Hicklin & Welborn,* for appellant.

(1) The trial court erred in refusing to give instruction, numbered 2, for the defendant. 2 Bouvier's Law Dictionary [15 Ed.] p. 606, title, Sales; p. 353, title, Parties; 1 Bouvier's Law Dictionary [15 Ed.] p. 392, title, Contracts; p. 134, title, Agency; 1 Parsons on Contracts [6 Ed.] top p. 519. A sale of liquor to a minor for his parent's use is not a sale to the minor. *Commonwealth v. Latterville,* 120 Mass. 385 (1876); *Milling Co. v. Ins. Co.,* 25 Mo. App. 259; *Bank v. Lanergan,* 21 Mo. 48; *Belt v. Goode,* 31 Mo. 128.

*William Aull,* for respondent.

(1) The positive and uncontradicted testimony of James Kelly is that he purchased whiskey four times at defendant's saloon. The last two times he purchased a half pint each time, and had no order of any kind. Catron, who sold at the bar to Kelly, states Kelly had only two orders. At the last two purchases nothing was said excepting that the whiskey was called for by the minor, money paid and whiskey delivered. No principal was disclosed. *People v. Garrett,* 36 N. W. Rep. 234; *Commonwealth v. Fowler,* 14 N. E. Rep. 457; *Page v. State,* 4 S. Rep. 697; *Siceluff v. State,* 11 S. W. Rep. 964; *Gillan v. State,* 47 Ark. 555; 2 S. W. Rep. 185; *Foster v. State,* 45 Ark. 365; *Richter v. State,* 63 Miss. 304; *Ross v. People,* 17 Hun, 591; *Commonwealth v. McGuire,* 11 Gray, 160. (2) The statute applies with equal force whether the minor purchased for himself or for his brother. The defendant had no written permission from the parent at the time that he sold or disposed of the intoxicating liquor to the minor. R. S. 1889, ch. 56, p. 1047, sec. 4588; p. 1048, sec. 4589. The object and spirit of the statute is to protect

and relieve the boys and young men of the state from the evil influences and contagious contaminations of the dramshop. *State v. McGinnis*, 38 Mo. App. 19; *State v. Morton*, 42 Mo. App. 64.

SMITH, P. J.—The defendant was indicted and convicted in the LaFayette county criminal court for selling liquor to a minor. The evidence showed that John Kelly, an adult, wrote an order for liquor to the defendant by James Kelly, his brother, who was a. minor; that defendant furnished liquor on said written order, and charged the same to John Kelly, who afterwards paid defendant for it. The court refused to instruct the jury that this was a sale to John Kelly and not a sale to James Kelly, the minor. The evidence further tends to show that the defendant made two other sales to said minor, without a written order from anyone. While in the latter instance the liquor was. purchased for the use of the minor's adult brother, it does not appear that the minor disclosed the name of his principal at the time of the sale to him, or that defendant knew that fact.

Section 4588, Revised Statutes, upon which the indictment is based, is a penal one, and is to be strictly and fairly construed and not to be extended beyond cases clearly within both its letter and spirit. "A thing which is within the letter of a statute is not within the statute unless it be within the intention of the maker." "Penal statutes are always to be strictly construed for the benefit of the citizens." "A statute ought to be so construed that no man who is innocent can be punished or endangered." 4 Bacon on Abridgement, "Statutes."

Applying these rules, we cannot think the facts of this case bring it within the intent and spirit of the statute. We think the sale made to the minor under

an order disclosing his principal was a sale to the principal. It was not such a sale to the minor as falls within the prohibition of the statute. But in the instances where the minor purchased the liquor without disclosing the name of his principal for whom he made the purchases, the law presumed that the purchases were made for his own use. The mere fact, that he was making the purchase under such circumstances for the use of another, would not destroy this presumption. Nor would the statement if he had made it, that he was making the purchase for another, overturn this presumption, since he could not establish his agency by his own declaration of that fact. *White v. Middlemarch*, 42 Mo. App. 368; *Dill v. Railroad*, 37 Mo. App. 454.

In our opinion, the sale made to the minor in the cases where the latter produced the order of his brother was not within the statute, and, therefore, the defendant's second instruction, which was refused, should have been given.

But for this error we will not reverse the judgment, since it sufficiently appears that the defendant made two other sales to said minor without any disclosure by the latter that he was acting for a principal who might lawfully purchase. Such sales being within the letter and spirit of the statutory prohibition, we must affirm the judgment. All concur.