KIRBY v. LANDIS ET AL.

1. **Promissory Note:** SURETY: WHEN DISCHARGED BY SURRENDER OF NOTE. A surety upon a promissory note will be discharged from liability thereon by a surrender of the note, though such surrender is procured by the fraud of the principal, when he is ignorant of the fraud and to his prejudice relies on the surrender.

*Appeal from Marshall Circuit Court.*

FRIDAY, JUNE 18.

ACTION upon a surrendered promissory note, signed by all the defendants as joint makers. The defendants S. M. and W. F. Miller were in fact merely sureties. At the time of the maturity of the note the principal, Landis, paid a part and applied for an extension on the balance. The extension was granted on condition that Landis would give a new note signed by the same persons. Afterward Landis presented a note for the balance signed by himself, and purporting to be signed by the other makers of the original note, S. M. Miller and W. F. Miller. Their signatures, however, were forged. The plaintiff, not discovering the forgery, accepted the new note and surrendered the old. He now claims the right to

recover upon the latter notwithstanding the surrender, it having been procured by fraud.

The Millers aver for answer that they were merely sureties; that at the maturity of the note the principal was solvent, but is now insolvent; that the surrender of the note was not through their fault; that by the surrender they were lulled into security, and led to believe that it was paid; and that if they are now compelled to pay it, they will, by reason of the principal's insolvent condition, be unable to protect themselves.

To the answer stating the foregoing facts, in substance, the plaintiff demurred, and his demurrer was sustained. Judgment having been rendered for the plaintiff, the defendants S. M. and W. T. Miller appeal.

*J. M. Parker*, for appellants.

*Brown & Binford*, for appellee.

ADAMS, CH. J.—The surrender of the note having been procured by fraud, we think that the plaintiff should be allowed to recover upon it, not only against the

1. PROMISSO-
RY NOTE:
surety : when
discharged by
surrender of
note.

principal but the sureties, unless the plaintiff, by holding the substituted note, without informing the sureties of the fraud after it was discovered, had waived the fraud, or unless the sureties were prejudiced by the surrender. The sureties do not aver a waiver of the fraud, but they do aver, in substance, we think, that they were prejudiced by the surrender. The precise language of the averment is, " that the surrender and delivery of said note to the said Landis at or before its maturity, as aforesaid, lulled these defendants into security, and led them to believe said note paid by said Landis, and being so misled by plaintiff's acts in the premises they took no thought or action as to their indemnity against said Landis." They do not expressly aver that they had knowledge of the surrender, but

we think that it is necessarily to be implied that they had from the averment that the surrender lulled them into security. The plaintiff insists that the sureties were not affected, except so far as they might be deemed to be so by simple forbearance to sue. This would be true if they had no knowledge of the surrender, but in such case it would not be true, as averred, that they were lulled into security by the surrender.

If the plaintiff had told them that the note had been paid they would certainly have been justified, in the absence of all knowledge to the contrary, in assuming the plaintiff's statement to be true, and in governing themselves accordingly. The surrender of the note was equivalent to a declaration that it had been paid or satisfied in some way, and if the fact of the surrender came to the knowledge of the sureties it was equivalent to a declaration made to them that the note had been paid or satisfied in some way. We think, therefore, that under the averments of their answer they must be deemed to have been prejudiced. It is true, they might not in fact have protected themselves if the note had not been surrendered. But it was not incumbent upon them to aver what they would have done. It was sufficient to aver that they might have protected themselves but for the surrender, and lost the opportunity of doing so by reason of it.

In our opinion the answer showed a good defense, and the plaintiff's demurrer to it should have been overruled.

REVERSED.