HUBBARD. V. HART ET AL.

1. **Surety:** EXTENSION OF TIME PROCURED BY FRAUD: DISCHARGE.
   Where the principal debtor on a promissory note procures its surrender
   and an extension of time on the debt by presenting a new note to
   which he has forged the surety's name, *held* that the extension so
   procured will not discharge the surety. (*Kirby v. Landis,* 54 Iowa, 150,
   followed.)

2. ———: LOSS OF LIEN FOR INDEMNITY: ESTOPPEL OF CREDITOR.
   Where a surety held a chattel mortgage from his principal for indem-
   nity, and he told the holder of a junior mortgage that he might take the
   chattels, provided the debt for which he was surety had been paid;
   and referred him to the creditor to ascertain that fact, and the creditor
   told him, not that the debt had been paid, but that the surety's mort-
   gage was no longer a lien on the chattels; whereupon the second mort-
   gagee took the chattels, but before he had sold them under his mort-
   gage the surety learned that the debt had not been paid, but took no
   measures to protect himself by the enforcement of his mortgage, *held*
   that the creditor was not estopped from enforcing his demand against
   the surety.

*Appeal from Cass District Court.*

TUESDAY, JUNE 14.

ACTION on a promissory note on which defendant is
surety. Verdict and judgment for plaintiff and defendant
appeals.

*Temple & Phelps,* for appellant.

*R. G. Phelps,* for appellee.

REED, J.—The defenses pleaded are (1) that there had been
an extension of the time of payment of the debt by a con-
tract between plaintiff and the principal debtor, without the
knowledge or consent of defendant; and (2) that defendant
had been induced to relinquish the security of a chattel
mortgage given him by the principal debtor, to indemnify
him against his liability on the note, by the representation of
plaintiff that the note had been satisfied.

I. The note in suit was given on the eighteenth of August, 1882, and became due in six months from that date. When it matured, Hart, the principal maker, desired an extension, and he presented to plaintiff a new note, signed by himself, and to which defendant's name was also signed, which plaintiff accepted, and he surrendered the former note. At the maturity of this note, Hart again presented a note to which defendant's name was signed, and secured a second extension. But it afterwards transpired that he had forged defendant's signature to both of these instruments. That fact was not discovered by plaintiff until he sought to collect the third note from defendant after its maturity. As the surrender of the original note and the extensions of time were obtained by fraud, the note was not extinguished by the surrender. Nor was the surety discharged by the extensions of time. *Kirby v. Landis.* 54 Iowa, 150.

1. SURETY: extension of time procured by fraud: discharge.

II. The following facts were proven under the second defense pleaded: When defendant signed the note sued on, Hart gave him a mortgage on certain personal property to indemnify him against liability on the note. He subsequently gave a mortgage on the same property to one Herstein. About the time the third note given by Hart to plaintiff fell due, Herstein applied to defendant for information as to whether his mortgage remained unsatisfied. Defendant informed him that he did not know whether the note for the security of which the mortgage was given was paid or not, but referred him to plaintiff, and told him that, if the note had been paid, he could take possession of the property on his mortgage. At that time, defendant did not know that the second and third notes had been given. Herstein then applied to plaintiff, who, after he had compared the date of the note he then held with that of the one described in defendant's mortgage, stated that the mortgage was not a lien on the property. Herstein thereupon took possession of the property under

2. ——: loss of lien for indemnity: estoppel of creditor.

his mortgage, and subsequently sold it thereunder. When plaintiff made the statement to Herstein, he did not know that defendant's signature to the second and third notes given to him by Hart had been forged, but both he and defendant knew that fact before the property was sold under Herstein's mortgage.

The district court ruled that these facts did not have the effect to discharge defendant from liability on the first note. This holding is correct. It is certainly true that if the cred- itor represents to the surety that the debt is paid, and thereby induces him to surrender the security which he holds for his own indemnity, or even to forego the steps necessary for his protection, he will be estopped in the future from asserting the claim against him. *Thornburgh v. Madren*, 33 Iowa, 380. But in the present case no such representation was made. The only representation made by plaintiff was that defendant's mortgage was not a lien on the property. That, however, was but a mere expression of opinion, based, doubt- less, upon the fact that the note secured by the mortgage had been extinguished, as plaintiff supposed, by his accept- ance of the one given in renewal. The opinion was probably erroneous, even upon the hypothesis upon which it was expressed. But that is immaterial. Defendant was not misled by it, for he took no action based upon it. His con- sent that Herstein might take possession of the property under his mortgage was coupled with the condition that his own mortgage had been satisfied. Herstein, in taking pos- session of it, acted upon that consent, and the statement made by plaintiff. But defendant knew, before the property was sold, that his mortgage had not been satisfied. He knew that the debt to plaintiff had not been paid. He knew, also, that plaintiff had been induced by the fraud of Hart to sur- render the note which he had signed, and grant an extension of time. He is conclusively presumed to have known that, upon that state of facts, he remained liable for the debt, and that his mortgage continued a valid security for his indem-

nity; for that is the law upon that state of facts. As the property had not then been sold, there was nothing to prevent him from seizing it upon his mortgage. He stood, then, in precisely the position he would have occupied if plaintiff had never made the statement to Herstein; and, if he lost his security by the sale of the property under the other mortgage, the injury was caused by his own failure to assert his right in proper time to preserve it. There clearly is no element of estoppel in the case.

Error is assigned on the admission in the trial of letter-press copies of certain letters written by plaintiff to defendant, relating to the matters in dispute. But, if it should be conceded that the court erred in admitting them, defendant sustained no prejudice by the ruling.

The facts upon which the court's ruling was based, and which we hold to be conclusive of the rights of the parties, were all clearly proven independently of the letters.

AFFIRMED.