## DWINNELL V. MCKIBBEN, Appellant.

**Principal and Surety.** Where an extension of time is obtained by the fraud of the principal signer, it will not release the surety, though both the fraud and the extension were unknown to and never assented to by the surety.

SAME: PRACTICE. That a note was subsequently altered without consent does not render it inadmissible as evidence in an action to recover against the surety.

**Practice on Appeal.** The record shows this: "At conclusion of evidence, on motion of both parties, cause taken from the jury and determined by the court." *Held*, this amounts to a submission of the whole cause to the court. Its judgment has the effect of a verdict, and appeal must be on errors assigned.

**Practice.** It is not error to exclude testimony tending to show why a fact was not revealed, when it is admitted that it remained unknown.

*Appeal from Marshall District Court.*—HON. N. B. HYATT, Judge.

### MONDAY, JANUARY 21, 1895.

Action upon a promissory note executed by defendant and E. L. Lemert, dated September 19, 1888, for one thousand six hundred dollars, payable one year after date, with ten per cent. interest, to plaintiff or order. Defendant answered, alleging that he signed said note as surety; that, when he signed it, there was no payee named therein; and that the name of plaintiff was afterwards inserted therein, without his knowledge or consent. He also alleges that, since the execution of said note, the plaintiff and said E. L. Lemert,

whom plaintiff knew to be the prinicpal therein, without knowledge or consent of the defendant, for a valuable consideration, materially altered, changed, and annulled said contract, by written agreements indorsed thereon, as follows: "The principal of this note shall be paid thirty days after demand. E. L. Lemert;" also the following, to-wit: "It is hereby agreed that the principal of this note shall bear interest at eight per cent. per annum, and that the same shall be paid thirty days after demand. If not demanded as above, it shall be extended for one year. Sept. 19, 1890. E. L. Lemert." Plaintiff, in reply, admits that said indorsements were made after the note was executed and delivered, but denies that it was for a valuable consideration, and denies that she agreed that the same should change the terms of said note, or be binding upon her, unless defendant assented thereto. Plaintiff alleges that said Lemert, intending to cheat and defraud her, knowingly and falsely represented to her that defendant knew of Lemert's desire to extend the time of payment of said note, and consented thereto, and that said indorsements might be made; and that, relying upon said representation, she consented to said indorsements; wherefore plaintiff claims that said indorsements are null and void. A jury was impaneled, and, after both' parties had rested, each moved the court as hereinafter stated; whereupon the jury was discharged, and judgment entered for the plaintiff, from which the defendant appeals.—*Affirmed.*

*O. Caswell* and *J. F. Meeker* for appellant.

*P. M. Sutton* and *J. L. Carney* for appellee.

Given, C. J.—I. The evidence shows without conflict that no payee was named in said note at the time

plaintiff signed it, and that he signed it as surety; that the name of plaintiff was thereafter inserted as payee, and said agreements made and indorsed, without the knowledge or consent of defendant; and that plaintiff knew that he was only a surety when she received the note. The only conflict is as to whether E. L. Lemert made the false representations alleged, to the plaintiff. Appellant contends that by their respective motions, at the close of the evidence, the parties consented to submit the case to the court upon the questions of law arising out of the uncontroverted evidence; that the controverted facts were not to be considered, and are therefore not to be considered on this appeal.

Notwithstanding we have appellant's abstract, two amendments by appellee and a transcript, it is not entirely clear just what action was had upon said motion, beyond the fact that both parties consented to the discharge of the jury and the decision of the case by the court. The transcript says: "At conclusion of evidence, on motion of both parties, cause taken from the jury, and determined by the court." We think the case was, by consent, submitted to the court on all the issues and evidence, and should be so considered on this appeal. This being a law action, it is only reviewable on errors assigned and argued, and the judgment of the court is entitled to the same force and effect as the verdict of a jury.

II. Plaintiff and her daughter were examined on plaintiff's behalf as to what was said between plaintiff and Lemert at the time said indorsements were made on the note. Plaintiff's objections to a number of questions put by defendant to these witnesses on cross-examination were sustained, and of these rulings defendant complains. The questions were not directly as to material facts, but rather for the purpose of affecting the weight of the evidence of the witnesses. In

view of the character and number of these questions, we do not consider them in detail. It is sufficient to say that, while we think the court might well have allowed a more liberal cross-examination of these witnesses, we do not think, in view of the subjects of the inquiries and the evidence given, that appellant was prejudiced by the rulings. They were, at most, but technically wrong, if wrong at all. Witness Cook was asked by defendant, on cross-examination, whether plaintiff did not desire it to be kept a secret from her husband that she had money to loan, and did not want defendant to know, for fear her husband would learn it through him. This was correctly excluded, on plaintiff's objection, as not proper cross-examination. It was properly excluded, because plaintiff conceded in her reply that defendant did not know of her agreements indorsed upon the note. For the same reason there was no error in striking the answer to the eighth interrogatory in Lemert's deposition.

Defendant, by objections that were overruled, presents the question whether he is bound by the representations of Lemert to plaintiff, in his absence. If the representations were made as and for the purpose alleged, they were a fraud upon plaintiff, as they were confessedly false. If, by this fraud, plaintiff was induced to consent to the agreements indorsed on the note, then said agreements are void, and do not supersede the original agreement evidenced by the note. *Hubbard v. Hart*, 71 Iowa, 669, 33 N. W. Rep. 233. Evidence of the representations of Lemert were admissible to show the alleged fraud.

Defendant's objection to the note being received in evidence was properly overruled.    The fact that the name of plaintiff had been inserted as payee after it was executed, nor the fact of said subsequent agreements, do not render it inadmissible, even though, for those reasons, defendant was not liable thereon.    We do not find any errors in the rulings admitting and rejecting evidence, prejudicial to the defendant.

III.    Appellant's remaining contention is that the court erred in rendering judgment against him, and not in his favor, for the reason that said agreements between plaintiff and Lemert were upon a consideration, and for the extension of the time of payment of said note, and for a different rate of interest; that, he being only surety, and said agreements being made without his knowledge or consent, he is released from liability.    Appellant's counsel cite very many authorities to show what constitutes a consideration, and that such agreements operate to release sureties when made without their knowledge or consent.    Counsel state their claim thus: "The general and well-established doctrine is that any agreement upon a consideration between the creditor and the principal for an extension of time of payment to the principal, without the consent of the surety, will release the surety.    Any material alteration of a note or bill voids it, and discharges the surety, unless he has consented to such alteration." All that is claimed from these authorities may be conceded; yet the important and controlling question remains whether said agreements are binding upon the plaintiff.    We have examined the conflicting evidence with regard to the alleged fraud with care, and are satisfied that the court was fully warranted in finding that the plaintiff was induced to consent to said subsequent agreements by the false and fraudulent representations

of Lemert, as alleged.   We are satisfied that, however, great plaintiff's confidence was in Lemert, she never intended to do and never understood that she was doing anything that would release the defendant as surety on said note.   In *Hubbard v. Hart, supra,* when the note in suit matured, Hart, the principal, desiring an extension, presented to plaintiff a new note signed by him, to which defendant's name was also signed, and which plaintiff accepted, and surrendered the former note. At the maturity of this note, Hart again presented a note to which defendant's name was signed, and secured a second extension.   It was afterwards found that Hart had forged defendant's signature to both of these renewal notes.   This court held that, "as the surrender of the original note and the extensions of time were obtained by fraud, the note was not extinguished by the surrender.   Nor was the surety discharged by the extension of time."   In *Kirby v. Landis,* 54 Iowa, 150, 6 N. W. Rep. 173, the court said:  "The surrender of the note having been procured by fraud; we think that the plaintiff should be allowed to recover upon it, not only against the principal, but the sureties."   See, also, *Tousey v. Bishop,* 22 Iowa, 178;     *Bangs v. Strong,* 10 Paige, 11.   It being established that plaintiff's consent to the agreements for the extension of time and the change of the rate of interest were procured by the fraud of Lemert, as alleged, we think they do not release the defendant from liability as surety upon the note sued upon.   The judgment of the District Court is *affirmed.*